MANUFACTURERS' MUTUAL FIRE INSURANCE COMPANY
v. SHERMAN B. DABOLL, CIRCUIT JUDGE OF
GRATIOT COUNTY.

*Organization of judicial circuit—Motion for new trial—Jurisdiction of judge.*

1. There is no law which disqualifies a circuit judge from rehearing a motion or cause which has been passed upon by another judge sitting in the same court.

   So *held*, where, after judgment for a defendant, the county in which it was rendered was detached from the judicial circuit of which it had formed a part, and made a part of a new circuit, the judge of which granted a motion for a new trial of the case so decided by his predecessor.

2. A circuit judge has authority to set aside judgments and grant new trials after the expiration of the term at which they were entered. *Van Renselaer v. Whiting*, 12 Mich. 449; *Campau v. Coates*, 17 Id. 237.

*Mandamus.* Submitted January 10, 1890. Denied January 17, 1890.

Relator applied for *mandamus* to compel the vacation of an order granting a new trial. The facts are stated in the opinion.

*Wm. H. Haggerty* (*Moses Taggart,* of counsel), for relator.

*George P. Stone* and *James L. Clark,* for respondent.

CHAMPLIN, C. J. The relator filed a petition asking for a *mandamus* to compel Sherman B. Daboll, judge of the circuit court for the county of Gratiot, to vacate an order granting a new trial in the case of *Matthew B. Faughner and William A. Faughner against the Manufacturers' Mutual Fire Insurance Company.*

This suit was tried in the circuit court for the county of Gratiot on July 12, 1889, before Hon. Henry Hart, who was then circuit judge of said county; and upon the trial, after the close of the testimony, he directed the jury to render a verdict for the defendant, which they did. The counsel for plaintiffs thereupon obtained an order from Judge Hart giving the plaintiffs until the first day of the next term of that court in which to settle a bill of exceptions, or move for a new trial; and he ordered that all the proceedings be stayed until that time, on condition that the plaintiffs file a proper bond within 20 days. The bond was duly filed. The next term of the circuit court was appointed to commence on September 18.

By Act No. 174, Laws of 1889, the Legislature re-organized the eighth and twenty-first judicial circuits, and created the twenty-ninth judicial circuit. By this act the county of Gratiot was detached from the twenty-first circuit, over which Judge Hart presided, and placed in the twenty-ninth circuit. The act went into effect June 21, 1889, and on August 1, 1889, Judge Daboll was appointed judge of the new circuit.

At an adjourned term of the circuit court for the county of Gratiot, held on September 18, 1889, the plaintiffs obtained an *ex parte* order granting a further stay of proceedings until the last day of the next term of said court.

A motion was made on October 22, 1889, for a new trial, on the ground that the circuit judge erred in directing the jury to render a verdict for defendant, and for the reason that the verdict was against the law and evidence in said cause. Notice of hearing the motion was given to defendant's attorneys; and the parties, by their attorneys, appeared, and were heard by Judge Daboll, who set aside the verdict, and ordered a new trial. The

petitioner asserts that the circuit judge abused his discretion, and, further, that he had no jurisdiction to grant a new trial in a cause which he did not try.

The question of jurisdiction is the only one we need consider; for, if the court had jurisdiction, we cannot say, on the record before us, that he abused his discretion. The evidence upon which he acted is not before us. The judge was not disqualified from sitting in the cause by reason of any statutory or common-law disqualification. Any case or proceeding in the circuit court for the county of Gratiot, he was qualified to hear, try, and determine. It would not be claimed that, had the circuit not been divided, Judge Hart would not have had jurisdiction to hear the motion.

There is no law which disqualifies a judge from rehearing a motion or cause which has been passed upon by another judge sitting in the same court. It is true that some judges have declined to review the action of another judge as a matter of taste or delicacy, but not on the ground that they have no authority to do so to the same extent the judge who presided could exercise; and in some cases it may be absolutely necessary for a circuit judge to take such action. We have held that the circuit court has authority to set aside judgments and grant new trials after the expiration of the term at which they were entered. *Campau v. Coates,* 17 Mich. 237; *Van Renselaer v. Whiting,* 12 Id. 449. We are of opinion that the circuit judge had jurisdiction to hear and decide the motion for a new trial; and, having acted, his discretion will not be reviewed by us.

The writ of *mandamus* must be denied, with costs.

The other Justices concurred.