NORBLAD *v.* MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY CO.[1]

1. STATUTES — AMENDMENTS — CONSTITUTIONAL LAW — RE-ENACTMENT OF AMENDED STATUTE — PERSONAL INJURIES—DAMAGES—DEATH.

   Act No. 89, Pub. Acts 1905, prescribing the rule of damages in actions for personal injuries prosecuted by the personal representative of the injured person under the statute which declares that such actions shall survive, does not amend section 10117, 3 Comp. Laws, the survival act, and is not, therefore, invalid for the reason that it does not re-enact said section at length as provided by section 25, article 4, of the Constitution.

---

[1] Withheld from publication pending motion for rehearing. Rehearing denied September 21, 1909.

2. DEATH—PERSONAL INJURIES — DAMAGES RECOVERABLE — STATUTE—EFFECT.

   Where a negligent personal injury was inflicted and death resulted during the time when Act No. 89, Pub. Acts 1905, was in force, the damages recoverable by deceased's personal representative were those prescribed by the statute, notwithstanding the action was not begun until after the repeal of the statute.

3. SAME—ACTION—RIGHT TO MAINTAIN.

   Where a negligent personal injury was inflicted and death resulted during the time when Act No. 89, Pub. Acts 1905, was in force, deceased's personal representative could not maintain an action for such injury unless it could be shown that some person entitled to share in the distribution of his estate had suffered pecuniary injury from his death.

Error to Delta; Stone, J. Submitted October 12, 1908. (Docket No. 19.) Decided November 30, 1908.

Case by Albin W. Norblad, administrator of the estate of Hamilton Langley, deceased, against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company for personal injuries. There was an order sustaining a demurrer to the declaration, and plaintiff brings error. Affirmed.

*Judd Yelland*, for appellant.

*F. D. Mead* (*A. H. Bright*, of counsel), for appellee.

HOOKER, J. Plaintiff's intestate sustained injuries November 20, 1906 (from which he died later), while acting as locomotive fireman upon defendant's railroad. The declaration filed in this cause, brought to recover damages for the injury, alleges defendant's negligence, and that the plaintiff's intestate lost gains and profits by loss of wages which would otherwise have accrued to him had he lived. It also claimed damages for expenses incurred for care, nursing, and medical attendance, for pain and suffering, etc. Defendant filed a demurrer, the substance of which is that the declaration is filed under 3 Comp. Laws, § 10117, commonly called the "survival

act;" that Act No. 89, Pub. Acts 1905, was in force at the time of the accident and intestate's death, and, though subsequently repealed, fixed the character and measure of damages that the plaintiff might recover; that the declaration alleges no damages that the plaintiff could lawfully recover, it not showing that there were any persons entitled to recover damages, within the meaning of said Act No. 89. At the common law, actions for personal injury did not survive. They do survive now, but only under the provisions of section 10117.

"In addition to the actions which survive by the common law, the following shall also survive; that is to say, actions of replevin and trover, actions of assault and battery, false imprisonment, for goods taken and carried away, for negligent injury to persons, for damage done to real and personal estate, and actions to recover real estate where persons have been induced to part with the same through fraudulent representations and deceit."

Under this act the damages recoverable by the administrator were the same as those recoverable by the intestate had he lived.

This was changed by Act No. 89, Pub. Acts 1905:

"An act to prescribe the measure of damages in actions for negligent injuries to persons where deaths result, and where the actions are prosecuted under the survival act, and to provide for the distribution of the amounts paid on account of such damages, without participation by creditors of the deceased.

" *The People of the State of Michigan enact:*

"SECTION 1. In all actions for negligent injury to persons hereafter prosecuted by the executor or administrator of an injured person, under the statute which declares that said actions shall survive, the measure of damage in each case, shall be such a sum as the court or jury shall deem fair and just with reference to the pecuniary injury resulting from the death of the injured person, to those persons who may be entitled to such damages under the law providing for the distribution of personal property, left by persons dying intestate, and the amount recovered or paid in settlement of such damages shall not be subject to the claims of creditors of the deceased, but shall other-

wise be distributed to the persons and in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate.

"SEC. 2. All acts or parts of acts in anywise contravening the provisions of this act are hereby repealed.

" This act is ordered to take immediate effect.

"Approved May 3, 1905."

The last-mentioned act was repealed by Act No. 217, Pub. Acts 1907.

Primarily the questions before us are:

(1) Was Act No. 89 constitutional, and therefore effective to deprive plaintiff of the right to recover under the rule existing before its enactment?

(2) If so, Did the repeal of the act restore such right?

(3) If not, Is the declaration sufficient to sustain an action for damages under Act No. 89?

The constitutionality of Act No. 89 is attacked upon the ground that it violates section 25, art. 4, of the Constitution, which provides:

" No law shall be revised, altered or amended by reference to its title only; but the act revised, and the section or sections of the act altered or amended, shall be reenacted and published at length."

Counsel contend that Act No. 89 " expressly undertakes to amend section 10117." We are unable to accede to this contention. Section 10117 is silent upon the subject of damages. It refers to classes of actions which have long existed independent of statutes. The common law, not statute, fixed the measure of damages in these actions before Michigan was a State, or the United States a government, and it was not changed. Section 10117 does not touch the question of damages. It only provides that the common-law rule that actions of tort shall not survive shall be changed. It was in no way affected by Act No. 89, and therefore such act was not an amendment of it, either expressly or by implication. What Act No. 89 did was to change the pre-existing rule as to the measure of damages recoverable in the cases enumerated, which pre-

existing rule was that the same damages could be recovered by the administrator as could have been recovered by the intestate had he lived, and that was not a statutory rule. See *Sweetland* v. *Railway Co.*, 117 Mich. 339 (43 L. R. A. 568); *Dolson* v. *Railway Co.*, 128 Mich. 444; *Jones* v. *McMillan*, 129 Mich. 86; *Kyes* v. *Telephone Co.*, 132 Mich. 281; *Olivier* v. *Railway Co.*, 134 Mich. 369. The act was also within the rule laid down in *People* v. *Mahaney*, 13 Mich. 481; *Underwood* v. *McDuffee*, 15 Mich. 361; and *Rice* v. *Hosking*, 105 Mich. 306. It is not in conflict with *Mok* v. *Savings Ass'n*, 30 Mich. 522, a case readily distinguishable. The act was not unconstitutional upon the ground stated.

To recapitulate a few dates, we may say that Act No. 89 was passed in 1905; the injury occurred in November, 1906; the intestate died November 21, 1906; Act No. 89 was repealed June 24, 1907; this action was begun by declaration February 11, 1908. Clearly, at the time the intestate was injured and died, his representative took a right of action under 3 Comp. Laws, § 10117; the measure of damages being fixed by Act No. 89. Unless the repeal of Act No. 89 by Act No. 217, Pub. Acts 1907, had the effect to prescribe a new measure of damages, not only after such right accrued, but after action had been commenced, his only right of action was one arising under Act No. 89. This question is settled, in accordance with defendant's favor, in two cases: *Davis* v. *Railroad Co.*, 147 Mich. 481, and *Little* v. *Bousfield & Co.*, 154 Mich. 369. See, also, *Culpepper* v. *Railway Co.*, 90 Tex. 627; *Bucher* v. *Railroad Co.*, 131 Mass. 156. As these cases arose upon these identical statutes, it is not necessary to discuss the question at length. Many earlier cases are in line with them, both upon the question of retroactive laws, and vested rights of action. Some of them will be found in the opinion of the learned circuit judge, and defendant's brief.

But one question remains to be considered, i. e., Can the declaration be sustained as a good declaration under

Act No. 89? We are of the opinion that it cannot, for it fails to show that anyone has suffered any injury, and it states only a claim for such damages as the intestate might have recovered, none of which are shown to be injurious to any person.

The judgment is affirmed.

GRANT, C. J., and MCALVAY, J., concurred. BLAIR and MOORE, JJ., concurred in the result.