WALKER v. LANSING & SUBURBAN TRACTION CO.

1. HUSBAND AND WIFE—HUSBAND'S RIGHT TO WIFE'S SERVICES—EMANCIPATION—EVIDENCE—CONCLUSIVENESS.

In an action under the survival act for the negligent killing of plaintiff's intestate, evidence that the husband had recovered in an action brought in his own name for the loss of her services is conclusive that he had not emancipated her and was entitled to the value of her services, and precluded a recovery in an action brought by the administrator for such services.

2. DEATH—SURVIVAL OF ACTIONS—STATUTES — REPEAL — EFFECT.

The repeal of Act No. 89, Pub. Acts 1905, after the filing of a declaration, did not affect the cause of action so as to entitle plaintiff to recover damages under the law as it existed prior to its enactment.

Error to Ingham; Wiest, J. Submitted January 5, 1909. (Docket No. 2.) Decided May 25, 1909.

Case by Charles H. Walker, administrator of the estate of Minnie Walker, deceased, against the Lansing & Suburban Traction Company. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Frank L. Dodge* (*Cyrenius P. Black*, of counsel), for appellant.

*Sanford W. Ladd*, for appellee.

The court directed a verdict for the defendant at the close of the plaintiff's statement of his case. It is stipulated that the judge made a correct statement of the facts in directing the verdict. So far as material, the statement is as follows: Plaintiff's decedent was struck by a street car on February 11, 1905, and died May 17th following. After her death the husband brought an action

to recover for the loss occasioned to him, the loss of her services from the day of her injury to the day of her death, and for medical attendance occasioned by reason of her injury and for the permanent loss of her services. He recovered a verdict and judgment, which judgment stands unreversed. This action is brought by her husband, as administrator, to recover the loss to her estate of her prospective earnings during her expectancy of life, and for the pain and suffering she experienced from the day of her injury to the day of her death.

The action is based upon the survival act (3 Comp. Laws, § 10117), reading as follows:

"In addition to the actions which survive by the common law, the following shall also survive; that is to say, actions of replevin, and trover, actions of assault and battery, false imprisonment, for goods taken and carried away, for negligent injury to persons, for damage done to real and personal estate, and actions to recover real estate where persons have been induced to part with the same through fraudulent representations and deceit."

The court held that the husband, by bringing his action to recover for loss of her services, had conclusively established the fact that she was not emancipated, that he was entitled to her services because of the relation of husband and wife, and that she could not have brought an action for the same services, or for her lessened ability to earn money.

On May 3, 1905, the legislature passed Act No. 89, Pub. Acts 1905, entitled:

"An act to prescribe the measure of damages in actions for negligent injuries to persons where deaths result, and where the actions are prosecuted under the survival act, and to provide for the distribution of the amounts paid on account of such damages, without participation by creditors of the deceased."

That act did not include damages for pain and suffering, and repealed all other acts inconsistent with it. That act was given immediate effect. The court held that at the

time of the death of Mrs. Walker, and at the commencement of this suit, there was no law in the State authorizing damages for pain, etc. ˙ This suit was brought April 13, 1907. On June 24, 1907, Act No. 89, Pub. Acts 1905, was repealed, and that act was also given immediate effect. (Act No. 217, Pub. Acts 1907.) The court therefore held that the plaintiff could not recover for pain and suffering because of the repeal of the survival act at the time this suit was brought.

Grant, J. (*after stating the facts*). 1. Mr. Walker, the administrator in this suit, brought suit against the defendant soon after the death of his wife, to recover his own personal damages. His declaration in the case was for "medical attendance, nursing, and other expenditures of money in caring for her from the date of her injury to the date of her death, and the value of her services in the future, and permanent loss of services." His counsel's opening statement to the jury was for the same claim. Upon the trial, plaintiff was permitted to amend, substituting himself as administrator, thus seeking to recover under the survival act, rather than for his own personal loss, but evidently upon the assumption that his own loss could be included in his amended declaration. He recovered a judgment upon his amended declaration which was reversed (144 Mich. 685); this court holding that "the effect of the amendment was to permit Mr. Walker as an individual representing one cause of action to get out of court, and Mr. Walker as administrator representing an entirely different cause of action to get into court." A new trial was ordered and recovery had upon the original declaration for his own personal loss. Subsequently this suit was instituted, and he now claims the right to recover such pecuniary damages as resulted to him from the loss of his wife after her death. The court correctly held that that suit was conclusive evidence that he had not emancipated his wife, and was entitled to the value of her services. No action survived for the loss of services

which belonged to her husband. *Berger* v. *Jacobs*, 21 Mich. 215; *Tunnicliffe* v. *Railway Co.*, 102 Mich. 624 (32 L. R. A. 142). The action, if any survived, was one personal to her, and for damages to which she alone was entitled. The question now presented for determination was not raised in *Nelson* v. *Railway Co.*, 104 Mich. 582.

2. Act No. 89, Pub. Acts 1905, was in force when plaintiff's decedent died and at the time this suit was brought. It was repealed some time after this suit was brought, but before it was tried. It was held in *Davis* v. *Railroad Co.*, 147 Mich. 479, that its enactment did not affect cases then pending. We also held in *Little* v. *Bousfield & Co.*, 154 Mich. 369, that its repeal did not affect cases then pending. See, also, *Norblad* v. *Railway Co.*, (Mich.), 118 N. W. 595 (rehearing pending). Those cases are conclusive against the plaintiff's contention that the repeal of Act No. 89 restored to the plaintiff the right to damages as the law existed prior to the enactment of Act No. 89.

The judgment is affirmed.

BLAIR, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.