### GRAND TRUNK WESTERN RY. CO. v. GILPIN.

(Circuit Court of Appeals, Seventh Circuit. April 15, 1913.)

#### No. 1,946.

I. Evidence (§ 474*)—Value of Services—Opinion.

In an action for death of a married woman who was the manager of her household, in which resided her husband and a grown daughter, it appearing that decedent was in good health, that she did housework, sewing, mending, etc., and tended to the buying and general management of the house, evidence of the daughter, who had opportunity of observation and experience in household affairs, that her mother's services were worth to herself and father from $40 to $45 a month was admissible,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

though advisory, only to be considered by the jury in awarding damages in the light of their own observation and experience.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

2. COURTS (§ 366*)—FEDERAL COURTS—RULES OF DECISION—STATE STATUTES —CONSTRUCTION BY STATE COURT.

The construction placed on a state statute by the state court of last resort is binding on the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*

Conclusiveness of judgment between federal and state courts, see notes to Lant v. Kinne, 21 C. C. A. 478; Union & Planters' Bank of Memphis v. City of Memphis, 49 C. C. A. 468; Converse v. Stewart, 118 C. C. A. 215.]

3. DEATH (§ 16*)—STATE STATUTE—WIFE'S SERVICES—RIGHT OF HUSBAND.

Under the Michigan Wrongful Death Act (Comp. Laws 1897, § 10,427), an action may be maintained by a husband against a railroad company for the wrongful killing of his wife by which he lost her services, though death was instantaneous.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 18; Dec. Dig. § 16.*]

4. DEATH (§ 18*)—BENEFICIARIES—ADULT DAUGHTER OF DECEASED.

Where an adult daughter was residing with her father and mother at the time the latter was killed, the fact that the daughter was not a minor did not deprive her of the right to damages under the Michigan Wrongful Death Act (Comp. Laws 1897, § 10,427); it also appearing reasonably certain and probable that deceased would have continued to contribute to the daughter's support.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 20; Dec. Dig. § 18.*]

5. TRIAL (§ 255*)—INSTRUCTIONS—REQUEST TO CHARGE.

In an action for death of a wife, the court's omission to charge that the jury in assessing damages should deduct the cost of the wife's maintenance to her husband was not error in the absence of a request so to charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

6. TRIAL (§ 252*)—INSTRUCTIONS—EVIDENCE.

Where, in an action for wrongful death of a married woman, there was no proof as to the reasonable cost of her maintenance to her husband, the court did not err in omitting to charge the jury to deduct such cost of maintenance from the value of the wife's services in assessing the damages.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

7. COURTS (§ 406*)—CIRCUIT COURT OF APPEALS—REVIEW—DAMAGES—EXCES-SIVENESS.

Ordinarily the Circuit Court of Appeals will decline to consider the question of inadequate or excessive damages.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1103; Dec. Dig. § 406.*]

8. DEATH (§ 99*)—EXCESSIVENESS—WRONGFUL DEATH.

In an action for the wrongful killing of a wife 62 years old, leaving her surviving as beneficiaries a husband of the same age and a daughter 33 years of age living together in one family, a verdict awarding $4,692.50 was not excessive.

[Ed. Note.—For other cases, see Death, Cent. Dig §§ 125–130; Dec. Dig. § 99.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Northern District of Illinois; George A. Carpenter, Judge.

Action by Gertrude Gilpin against the Grand Trunk Western Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

George W. Kretzinger, Jr., and L. L. Smith, both of Chicago, Ill., for plaintiff in error.

James C. McShane, of Chicago, Ill., for defendant in error.

Before BAKER and KOHLSAAT, Circuit Judges, and WRIGHT, District Judge.

WRIGHT, District Judge. This suit was brought in the trial court by the defendant in error against the plaintiff in error for causing the death of Elizabeth Gilpin, in the state of Michigan, by wrongful act, neglect, or default, under the provisions of the statute of that state, called by counsel in their briefs the Death Act (Comp. Laws 1897, § 10,427), in contradistinction to another act described as the Survival Act, the latter named act not being relied upon, because the death for which the action is brought was instantaneous. It was not disputed upon the trial of the cause, and is not here denied, that the death of Elizabeth Gilpin was caused as described in the declaration; the in contention of the plaintiff in error being then and now that under the evidence produced upon the trial, under the Death Act of the state of Michigan, as construed by the court of last resort in that state, the plaintiff below is entitled to recover no damages, or at most merely nominal damages. This contention, with certain ruling of the trial court upon the evidence, and in its charge to the jury, incidental to and arising out of the chief contention mentioned, is the subject for the judgment and decision of this court; the arguments of counsel both oral and in their briefs having been chiefly confined to this subject. The deceased, Elizabeth Gilpin, was 62 years of age when she died, and the beneficiaries in this suit are her husband, aged 62 years, her daughter Gertrude, aged 33 years, who lived together as one family, and a son and two other daughters, who lived apart from the deceased, her husband and daughter Gertrude, and these latter were eliminated from the case by the trial court and were not therefore considered by the jury in the award of damages.

The statute under which the suit is prosecuted provides inter alia that:

"In every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death to those persons who may be entitled to such damages when recovered."

[1] It was in evidence before the jury that the deceased was in good health; she did housework, sewing, made her daughter's clothes, her own clothes, mended and sewed for her husband, did the buying and general management of the house, and the care for her husband. Over the objection and exception of the defendant, the daughter was permitted to testify that the mother's services to herself and father were worth $40 to $45 a month. The insistence of counsel for plain-

tiff in error is that the allowance of such evidence was and is reversible error, but we are not so impressed. Such testimony is but the expression of an opinion and, as we think, may be given by any mature person who has had opportunity of observation and experience in household affairs, and such opinions are not in any way conclusive, but advisory merely, to be considered by the jury in the light of their own observation, experience, and common sense, and when thus applied, as we believe, such evidence could not be otherwise than proper.

[2] It has been contended broadly, and argued with great earnestness by counsel for the plaintiff in error, that under the statute of Michigan, as construed by the judicial decisions of that state, the death of Elizabeth Gilpin having been instantaneous, no action for the loss of services of the wife survives to the husband, and damages are not allowable to the adult daughter of the deceased. We recognize and apply the rule, because it is elementary, that the construction placed upon a statute of a state by the court of last resort in such state is binding upon the courts of this jurisdiction.

[3] We have examined, as we believe, with care the citations of counsel in support of this his chief contention in the case. The case of principal reliance by counsel in support of this insistence (Walker v. Traction Co., 156 Mich. 514, 121 N. W. 271) was a suit brought by the husband as administrator to recover for loss to the wife's estate; in other words, under the Survival Act. The court held that no action survived for the loss of services which belonged to the husband. The action, if any survived, was one personal to her and for damages to which she alone was entitled. In other words, the husband being entitled to his wife's services, and not the wife to such services, the wife could not, if living, recover for the loss, nor could her estate after her death. Moreover, in the argument it appears in that case the husband did not recover for the loss of his wife's services in a personal action of his own, presumptively under the Death Act. So, from our analysis of the situation, it appears to us that the court of Michigan has not decided that no action for services of the wife survives to the husband but has decided that the services belonged to the husband, and it therefore conclusively follows that if under the plain provisions of the statute the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death to those persons who may be entitled, the husband is the person entitled to damages for the loss of his wife's services. Any other construction than this would, it seems to us in effect, render the statute nugatory, and we cannot think this has been or is the result of cases cited.

[4] It is also argued that under the same statute, as interpreted by the courts of Michigan, damages are not allowable to the adult daughter of the deceased; that only minor children can be or are beneficiaries; that only such persons as have legal demands upon the deceased are entitled to damages. We do not believe the decisions to which the counsel refer are authority for the rule of law sought to be applied here. It is doubtful if these decisions do or were intended to construe the statute at all but afford mere rules of evidence, adopted

or prescribed by the court as a guide in determining the pecuniary interest of the persons entitled to damages. So the court would not presume, without evidence, that a minor, after attaining majority, would continue to live with and receive contributions of support from the parent, and surely it could not have been intended by such decisions to exclude from consideration such persons as might be actually living with and receiving support from the deceased at the time of death, although such fact alone might not be sufficient evidence to warrant the court in giving such person the damages described in the statute, without additional facts or circumstances that would render it certain, reasonable, or probable that the deceased would have continued such contributions of support had not life been wrongfully destroyed. Therefore we find no error in the ruling of the trial judge in this respect.

[5] It is complained that the trial judge erred in omitting to charge the jury to deduct from the value of the services of the wife her cost of maintenance to the husband. A sufficient answer to this is that we fail to discover in the record that the court was requested to give such charge.

[6] If the court had been so requested, we likewise fail to discover any evidence upon which such charge could have been predicated. It is true the husband is legally bound to provide suitable clothing and maintenance for his wife, but this duty affords no presumption of fact, without evidence that he was accustomed to do so, and the reasonable cost thereof. Had plaintiff in error relied upon this point on the trial of the case by inquiry of the witnesses, and request for charge in relation thereto, it would now be in position to advance the argument upon the question properly. Having failed to do this, it is too late to raise the question for the first time after verdict, as the record shows was done. And while upon this point we say generally, in response to the complaint that the court refused proper instructions requested, that we believe that the charge of the court as given contained all that was proper to be given that was included in those asked.

[7] It is argued the damages are excessive. Ordinarily, if not always, this court declines to consider the question of inadequate or excessive damages (Hunt v. Kile, 38 C. C. A. 647, 98 Fed. 49), but, were we inclined to do so in this case, we would be unable to say the pecuniary value of $4,692.50 of the life of this woman to her husband and daughter is excessive.

[8] The jury had all the evidence before them, and it was their province to consider it, in the light of their own observation, experience, and common sense, and determine what it proved, and find their verdict accordingly. This they did, in a greater sum than above stated, which the court in its discretion required to be lessened. It is also complained the jury failed to follow the instructions of the court as to the amount of the damages as to the pecuniary loss to the husband and daughter, but this they might properly do, as such instructions were merely advisory, relating to a question of fact, upon which the jury were at liberty to give their independent judgment.

Finding no reversible error, the judgment of the trial court is affirmed.