## HISAKICHI WADA v. ASSOCIATED OIL COMPANY, A CALIFORNIA CORPORATION.

### No. 1504.

ERROR TO CIRCUIT COURT FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED JANUARY 3, 1924.                    DECIDED JANUARY 16, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

PARENT AND CHILD—*damages for death by wrongful act—burden of proof.*

In an action by a father for damages for the death of a minor son by the alleged wrongful act of another, the elements of computing damages, viz., the pecuniary value of the son's services and the expenses of caring for and rearing the child, are correlative and not independent and the burden of proving such expenses devolves upon the father and not upon the defendant by way of mitigation of damages and in the event of the failure thereof an instruction determining such proof is error and a verdict for plaintiff is contrary to law.

OPINION OF THE COURT BY PETERS, C. J.

This is an action brought by the father of the deceased minor, Kazumasa Wada, for consequential damages suffered by him by reason of the death of his son caused by the alleged negligent act of the defendant. Holding as we do that a new trial must be ordered the only assignments of error that are considered are those which make such action necessary, that is, the assignment to the court's instruction to the jury upon the measure of damages, the assignment to the verdict as contrary to law and the assignment to the court's denial of plaintiff in error's motion for a new trial, all of which are based upon the same ground, viz., that the defendant in error, plaintiff below, failed to prove the usual and reasonable expenses of caring for and rearing the de-

ceased child, as a result of which the evidence only tended to show and the verdict was predicated upon the gross and not the net pecuniary loss suffered by the father of the deceased by reason of the death of his son.

The trial court at the request of plaintiff charged the jury upon the measure of damages as follows: "The court instructs you that in case you find a verdict for the defendant under the evidence and the instructions of the court, it will be unnecessary to consider the question of damages. But if you find for the plaintiff, then as to the amount of damages and as a measure of the same, you are at liberty to take into consideration the pecuniary value of the child's services during his minority and the costs and expenses reasonably incurred by the father on account of the injuries, less the usual and reasonable expenses of caring for and rearing the child, including the cost of board, lodging, clothing and reasonable incidental expenses until the boy should reach the age of 20 years,— all of which pecuniary value to be reduced to its present worth. The pecuniary value referred to in this instruction would include not only what the child might earn during the remainder of his minority, but also the value of his services in the family, including acts of kindness and attention. And in considering such pecuniary value of the services of the minor, you are at liberty also to consider under all the evidence in this case, the probability or improbability, if any, of the value of such services increasing or decreasing as the boy grew older, more mature, and whether or not he would have become more or less able to perform greater services and command higher wages or remuneration as he grew older."

It is undisputed that there was no evidence adduced by either of the parties to the action tending to show the usual and reasonable expenses of caring for and rearing the deceased child, Kazumasa Wada. Plaintiff in

error contends that proof of such expenses is indispensable in computing the pecuniary loss suffered by a parent for the death of a minor child through the wrongful act of another and that the burden of such proof devolves upon the parent. On the other hand the defendant in error contends that evidence of such expenses is unnecessary; that an action on the case for consequential damages suffered by a parent by reason of the death of a minor child by the wrongful act of another is one of the actions contemplated by section 2344, R. L. 1915, and that hence the measure of damages under the provisions of section 2378, R. L. 1915, is to be determined by the jury, thereby eliminating the necessity of any proof thereon and committing the subject to the common knowledge and experience of the jurors; that if such evidence is necessary the expenses of caring for and rearing the deceased child are a deduction inuring to the advantage of the defendant and in mitigation of the damages, the burden of proof of which devolved upon the person claiming such mitigation—in this case the defendant.

The instruction as given substantially follows the rule enunciated by this court in the case of *Ferreira* v. *H. R. T. & L. Co.,* 16 Haw. 615, 628, where this court, consonant with its renunciation of the common law rule that no action lay for the taking of human life (see *Kake* v. *Horton,* 2 Haw. 209), held that an action could be maintained in this Territory by a father for the death of a minor child and established the measure of damages to be "the pecuniary value of the child's services during his minority and the costs and expenses incurred by the parent on account of the injury, less the usual and reasonable expenses of caring for and rearing the child." In the absence of evidence, however, of the expenses of caring for and rearing the deceased child, Kazumasa Wada, that portion of the instruction which advised the

jury that in estimating the pecuniary loss to the father it should deduct from the value of the prospective services of the child the expenses of caring for and rearing him was a charge upon facts not in evidence and the court in so charging in effect committed the determination of that factor to the common knowledge and experience of the jury, or, in the absence of such, to its speculation or surmise. This we believe was error.

The right of action recognized in the *Ferreira* case was but an outgrowth of the more equitable rule adopted and enunciated in the case of *Kake* v. *Horton, supra,* permitting an action of damages for death by a wrongful act. With the adoption, however, of that rule was also adopted the rule that damages must be confined to compensation for the pecuniary loss suffered. Neither the right of action nor the measure of damages was predicated upon the provisions of section 1116, C. C. 1859 (which as amended is now section 2344, R. L. 1915), nor upon section 1128, C. C. 1859 (which as amended is now section 2378, R. L. 1915), but upon a rule of law adopted by this court under and pursuant to the powers reposed in it by section 14, C. C. 1859, which as it then existed provided: "The judges have equitable as well as legal jurisdiction, and in all civil matters, where there is no express law, they are bound to proceed and decide according to equity, applying necessary remedies to evils that are not specifically contemplated by law, and conserving the cause of morals and good conscience. To decide equitably, an appeal is to be made to natural law and reason, or to received usage, and resort may also be had to the laws and usages of other countries."

The measure of damages as fixed by the *Kake* and *Ferreira* cases being pecuniary, in order to its determination there must be evidence both of the pecuniary value of the child's services during his minority and the usual

and reasonable expenses of caring for and rearing the child.  Section 1128, C. C. 1859, did not, nor as amended and now section 2378, R. L. 1915, does not, commit to the jury the determination of the legal rules of damages but only the extent to which damages may be awarded.  The determination of the "measure" of damages is a matter of law for the court and the subject of instructions to the jury.  This has been the unvarying construction placed upon this section by the courts since its enactment.

Upon whom, however, the burden rests of proving the usual and reasonable expenses of caring for and rearing the deceased child the *Ferreira* case is silent.  Unquestionably the items of the pecuniary value of the child's services during minority and the usual and reasonable expenses of caring for and rearing the child have reference to the duty of the father on the one hand to care for and rear the child during minority and the duty of the child on the other hand during its minority to render services to its parents.

Under the provisions of section 2998, R. L. 1915, ·parents, first the father and then the mother, are required to provide to the best of their ability for the support and education of their children.  By section 2993, R. L. 1915, the father is liable for their suitable and proper support in all respects.  By the last named section the father is entitled to require reasonable service at their hands.  The right to service springs from the duty of the father to support his children.  These respective rights and duties are reciprocal and correlative and not independent.  Hence as elements of damage they are correlative and the pecuniary loss suffered by the father from the death of his child is the mathematical result of the difference between these correlative elements.  This being so the duty devolves upon the plaintiff to prove the

pecuniary value of the expected service of the child and the pecuniary value of its support and maintenance. The pecuniary loss suffered by the father is the difference between these two values. This the plaintiff failed to do and under the circumstances the instruction to the extent of that portion thereof which charged upon the deduction for the usual and reasonable expenses of caring for and rearing the child was error and the verdict was consequently contrary to the law. (See *Peters* v. *B. & L. E. R. Co.*, 74 Atl. (Pa.) 61, 62; *C. R. I. & G. Ry. Co.* v. *Loftis*, 168 S. W. (Tex.) 403, 404.)

Defendant in error relies upon the case of *Grand Trunk Western Ry. Co.* v. *Gilpin*, 208 Fed. 126. In that case under the death act of Michigan (Comp. L. 1897, Sec. 10,427) an action was brought by the administratrix of the estate of Elizabeth Gilpin, deceased, for consequential damages resulting to herself and her father by reason of the death of said decedent by an unlawful act. A verdict was recovered by the plaintiff and on appeal the plaintiff in error complained of the failure of the plaintiff below to prove and the court to charge upon the pecuniary value of the maintenance and support of the wife by her husband as a deduction from the pecuniary value of her services. The circuit court of appeals held that no request had been made of the court to so charge and even if the court had been so requested there was no evidence upon which such charge could have been predicated, and said: "It is true the husband is legally bound to provide suitable clothing and maintenance for his wife but this duty affords no presumption of fact without evidence that he was accustomed to do so, and the reasonable cost thereof. Had plaintiff in error relied upon this point on the trial of the case by inquiry of the witnesses and request for charge in relation thereto it would now be in position to advance the argument

upon the question properly. Having failed to do this it is too late to raise the question for the first time after verdict, as the record shows was done." In that case similarly as in the instant case there was a failure of proof of the cost of maintenance. In that case differently from this, however, there was no evidence that the person upon whom devolved the duty was accustomed so to do. In the instant case there was evidence sufficient to support a finding that the father of the deceased child, Kazumasa Wada, was accustomed to provide for his suitable maintenance and support. Moreover, in that case the court did not charge upon the element of deduction while in the instant case the court did. These and other elements of the case deprive it of authoritative value. It is true that in Michigan the measure of damages in an action by a husband for damages for the death of his wife by a wrongful act is the pecuniary value of the wife's services less the cost of her maintenance and would seem to be the same as in the case of a suit by a father for the death of the son by a wrongful act in this jurisdiction, considering acts of kindness and attention in the light of services. But if as contended by defendant in error the *Gilpin* case may be considered as authority for the rule that the right to services on the one hand and the duty to maintain on the other are not correlative but independent and that the cost of maintenance is not an essential element in the computation of damages but is by way of mitigation and provable at the option of the defendant we refuse to follow that decision.

The judgment of the trial court is reversed and the cause remanded for a new trial.

*A. G. M. Robertson* (*Robertson & Castle* on the briefs) for plaintiff in error.

*A. M. Cristy* (*Brown, Cristy & Davis* on the brief) for defendant in error.