WEIL *v.* LONGYEAR.

DETROIT TRUST CO. *v.* SLONIM.

GOTTFRIED *v.* LONGYEAR.

1. Motor Vehicles—Negligence—Assumptions—Duty to Stop Before Entering Through Street.
   Automobile driver approaching intersection on through street would have right to assume that truck approaching on cross street with stop sign would come to full stop before entering through street.

2. Same—Violation of Ordinance—Proximate Cause.
   That driver drove automobile through intersection on through street at slightly higher speed than city ordinance commanded, where he was not required to stop, *held,* to have no causal relation to accident resulting from collision with truck, whose driver failed to stop before entering through street, as required by ordinance.

3. Husband and Wife—Wife's Services in Household—Survival of Action.
   Services rendered by wife in household belonged to husband, and therefore no action survived to administrator of her estate for their loss.

4. Damages—Pain and Suffering—Rule for Measuring.
   There being no rule by which award for pain and suffering may be measured, it rests in sound discretion of trier of facts.

5. Same—Inadequate Award—Appeal and Error.
   Where evidence of pain and suffering was scant, award therefor is not disturbed by Supreme Court, on plaintiff's appeal on ground that amount of award is inadequate, although award is also scant.

Appeal from Wayne; McPeek (Russell R.), J., presiding. Submitted November 3, 1932. (Docket No. 144, Calendar No. 36,802.) Decided May 16, 1933.

Separate actions of case by Jule Weil, Rose Gott-
fried, and Detroit Trust Company, a Michigan cor-
poration, as administrator of the estate of Rae Weil,
against J. Frere Longyear and Albert Slonim for
personal injuries (resulting in death of Rae Weil)
alleged to have been caused by the negligence of de-
fendants. Cases consolidated before trial. Judg-
ments for plaintiffs. Defendant Longyear appeals
from judgments in Weil and Gottfried cases, plain-
tiff Detroit Trust Company appeals from insufficient
judgment. Reversed as to defendant Longyear in
Weil and Gottfried cases, without a new trial; af-
firmed in Detroit Trust Company case.

*David I. Hubar* (*Milton M. Maddin,* of counsel),
for plaintiffs.

*Frederick J. Ward,* for defendant Longyear.

CLARK, J. An automobile driven by defendant
Longyear and a truck driven by defendant Slonim
collided at the intersection of Clairmount avenue
and Fourteenth street, Detroit. The automobile was
thrown upon the southwest corner of the intersec-
tion, where Rose Gottfried and her sister, Mrs. Jule
(Rae) Weil, were standing, both of whom were in-
jured, Mrs. Weil so seriously that she died later.
Jule Weil, Rose Gottfried, and the administrator of
the estate of Rae Weil, deceased, each commenced
a suit against both defendants. Tried together,
without a jury, each plaintiff had judgment. De-
fendant Longyear has appealed in the case of Jule
Weil and in the case of Rose Gottfried, contending
that on the record he should not be found guilty of
actionable negligence.

At the place Fourteenth was a through street,
there being stop signs on Clairmount, although there

were also street car tracks on Clairmount. Long-year was driving south on Fourteenth at what we find to be a moderate, or as one witness said, a normal speed. He slowed somewhat for the intersection, but not quite enough to comply with the city ordinance. When he was near the center of the intersection the truck crashed into the side of his car with the result stated. Slonim drove the truck past another moving truck, past a moving street car, and to the left of another truck waiting on Clairmount at the northeast corner of the intersection, without noticing the stop sign, without stopping, and at high speed into the intersection and into the side of the Longyear car.

Longyear was not required to stop at the intersection. He was required by the ordinance to proceed there at reduced speed, that he might be prepared to stop quickly. Had he observed the truck as it approached Fourteenth street he would have had the right to assume that it would come to a full stop. *Townshend* v. *Reader,* 252 Mich. 465; *Haynes* v. *Clark,* 252 Mich. 295. He had no opportunity to stop in time. The truck crashed suddenly into the side of his car. His driving through the intersection at a slightly higher speed than the ordinance commanded had, as we see, no causal relation to the accident. We find against Longyear no actionable negligence. The negligence of Slonim was the proximate cause of the accident. *Reed* v. *Ogden & Moffett,* 252 Mich. 362. As to Longyear, the judgments in the cases which he appealed are reversed, with costs, and without new trial.

The plaintiff administrator of the estate of Rae Weil, deceased, has also appealed, complaining of damages, denial of compensation for loss of earnings

of the deceased. The action is under the survival act (3 Comp. Laws 1929, § 14040), to recover the damages as if the deceased were living and prosecuting the action in person. *Love* v. *Railroad Co.*, 170 Mich. 1. It appears the deceased wife rendered services as such in the household of the husband. It does not appear that she earned anything or was engaged in any other employment or business of her own. The services rendered belonged to the husband, and no action survived to the administrator for their loss. See *Gorton* v. *Harmon*, 152 Mich. 473 (15 Ann. Cas. 461); *Lincoln* v. *Railway Co.*, 179 Mich. 189, 205 (51 L. R. A. [N. S.] 710). The respective rights of husband and wife in the wife's services and earnings are fully discussed in *Gregory* v. *Oakland Motor Car Co.*, 181 Mich. 101, from which we quote:

"We think the statute (3 Comp. Laws 1929, § 13061) means that all earnings acquired or service performed by her as the result of her personal efforts in any separate business carried on by her in her own behalf, or any services performed by her for others than her husband, belong to her; but that her husband is entitled to her labor, companionship, society, and assistance in the discharge of those duties and obligations which arise out of the marriage relation, and that these belong to him. Where she has a separate business the wife may recover for loss of time as if she were sole."

And from *Lincoln* v. *Railway Co.*, *supra:*

"In the *Walker Case* (*Walker* v. *Traction Co.*, 156 Mich. 514), suit was brought under the 'survival act,' and the damages which the administrator could recover were those which Mrs. Walker could have recovered in her lifetime had she lived to prosecute

the suit. Inasmuch as her services belonged to her husband, she not having been emancipated, her personal representative, under that act, could not recover for the loss of the services. The court properly said, therefore: 'No action survived for the loss of services, which belonged to her husband.' "

See, also, *Blair* v. *Seitner Dry Goods Co.*, 184 Mich. 304 (L. R. A. 1915 D, 524, Ann. Cas. 1916 C, 882); *Walker* v. *Traction Co., supra; Grand Trunk Western R. Co.* v. *Gilpin*, 125 C. C. A. 278 (208 Fed. 126); 8 R. C. L. p. 834.

Progress, or perhaps merely change, in the law will appear upon comparison of cases above cited with *Hyatt* v. *Adams*, 16 Mich. 180, especially noting what is said in *Lincoln* v. *Railway Co., supra,* at page 205.

The amount found for pain and suffering is urged to be inadequate. As remarked by the trial judge, evidence of pain and suffering is scant. The award is equally so. There is no rule by which such an award can be measured. It rests in the sound judgment of the trier of the facts. We are not moved to disturb it. Judgment in favor of the administrator is affirmed, with costs to defendant.

This disposes of all questions presented.

McDONALD, C. J., and POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit.