TREECE v THE GREYHOUND BUS COMPANY

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—CURATIVE INSTRUC-
   TION—PRESERVING ISSUE—PREJUDICIAL REMARKS—COURT
   RULES.

   No party may assign as error failure to give an instruction unless
   he objects before the jury retires to consider the verdict; preju-
   dicial statements made by defense counsel in a negligence trial
   are not grounds for reversal where objections by the plaintiffs
   were upheld by the judge, all of the claimed errors could have
   been cured by cautionary instructions, and curative cautionary
   instructions were given by the judge in the instances when the
   plaintiff requested them (GCR 1963, 516.2).

2. APPEAL AND ERROR—JURY—FINDINGS OF FACT—PROOFS.

   The Court of Appeals will not overturn findings of fact by the
   jury if within the limits of the proofs.

3. APPEAL AND ERROR—CROSS-APPEAL—TIME LIMIT—COURT RULES.

   A defendant's cross-appeal in a civil suit is dismissed as improvi-
   dently granted where the delayed cross-appeal was granted
   more than 18 months from the entry of the judgment (GCR
   1963, 806.2, 807.1).

Appeal from Wayne, Arthur M. Bach, J. Submit-
ted June 3, 1975, at Detroit. (Docket No. 14595.)
Decided August 11, 1975.

Complaint by Kenneth Treece and Wanda Ni-
chols against The Greyhound Bus Company for
damages arising out of an automobile accident.
Judgment for plaintiffs. Plaintiffs appeal and de-
fendant cross-appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 906, 909.
[2] 5 Am Jur 2d, Appeal and Error § 841.
[3] 4 Am Jur 2d, Appeal and Error § 294.

*Zeff & Zeff* (by *Diane M. Freilich*), for plaintiffs.

*Sullivan, Ranger, Ward & Bone, P. C.,* for defendant.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

R. B. BURNS, J. Plaintiff Treece was awarded a verdict by a jury of $1,000 and plaintiff Nichols was awarded a verdict of $15,000 against the defendant as a result of an automobile accident. Plaintiffs appeal, contending that the verdicts were inadequate and defendant cross-appeals claiming that plaintiffs' causes of action should have been dismissed, alleging that the statute of limitations had expired.

We affirm.

There is no dispute as to the facts of the accident. The accident occurred in Tennessee. Plaintiffs had stopped on the highway because of stalled vehicles in front of them. The defendant's bus could not stop on the icy highway and ran into the rear of plaintiffs' automobile.

Plaintiffs claim that the trial court erred in that it failed to specifically instruct the jury as to future damages.

GCR 1963, 516.2, provides:

"Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. * * * "

The record shows that the trial judge did instruct the jury as to future damages and that

plaintiffs' attorney expressly stated that he had no further requests for instructions. No error.

Plaintiffs next claim that defense counsel made prejudicial comments that require reversal.

The first such comment occurred during counsel's opening statement:

"I feel you may be wondering: Well, if the accident occurred the way they said, it was a bus that crammed into the rearend of them, why haven't the parties resolved their differences?"

Plaintiffs' attorney objected and the court sustained the objection. Plaintiff did not request any cautionary instruction. One statement made at that particular time of the trial was not so prejudicial that it could not have been corrected by such an instruction had one been requested and does not constitute reversible error.

Next plaintiffs claim that there were references on cross-examination that Wanda Nichols' hospital bills were paid by hospital insurance and not by herself.

A reading of the transcript disputes this contention. Defendant's attorney did not mention insurance. It was plaintiffs' attorney who mentioned insurance. Defendant's attorney asked:

"Mrs. Nichols, I show you the plaintiffs' proposed exhibit #10 and ask you if you paid that?
*"Mr. Berger:* Your Honor, I object. It is immaterial. You know that you want to get in that Blue Cross paid it. She had to pay Blue Cross back."

Plaintiffs also claim that it was error for defense counsel to mention on cross-examination and in closing argument that Dr. Miller was an osteopath and could not practice in a certain hospital.

Defense counsel asked the witness if he could practice at Grace Hospital. Plaintiffs' counsel objected to the question. The court sustained the objection. Again, no cautionary instruction was asked and none was given.

The last claim of prejudicial remarks concerns questions to Dr. Berke and statements made by defense counsel about the relationship of Dr. Berke and plaintiffs' counsel.

During the course of the trial and during argument, it was brought out that Dr. Berke and plaintiffs' counsel had attended college together and had remained friends socially, that the doctor had testified approximately 30 times for clients of plaintiffs' attorney, and that plaintiffs had not been sent to Dr. Berke for treatment, but for examinations to enable the doctor to testify.

All of these questions were probative of the weight which should have been given to the doctor's testimony by the jury.

In *Grand Rapids v Assfy,* 44 Mich App 473, 474; 205 NW2d 502, 503 (1973), this Court stated:

"In Michigan, when such error appears, opposing counsel must take two steps. First, he must object, and then, after obtaining a ruling, must request a curative instruction. *Marr v Saginaw County Agricultural Society,* 364 Mich 373, 377 [110 NW2d 748, 750] (1961). Here, counsel failed to take the second step, and has therefore not preserved the issue for appeal."

In the present case, objections by the plaintiffs were upheld by the judge and cautionary instructions were given by the judge when asked for by the plaintiffs in connection with claimed prejudicial questions asked or statements made by defense attorney. All of the claimed errors could have been cured by cautionary instructions.

Plaintiffs' next claim of error goes to the heart of the appeal. Wanda Nichols claims that the verdict was against the great weight of the evidence and that she should have a new trial. The case was hotly contested and defense counsel brought to the attention of the jury during cross-examination that Wanda Nichols while in the hospital was wrapped in a fabric bandage around her torso rather than a plaster cast; that the "filling defects" in the spine were in an area unrelated to her present injury; that some of her treatments contained in her bill from Dr. Miller were for unrelated conditions; and that she had many other physical problems independent of the accident that could have caused her back trouble. This Court will not overturn findings of fact made by a jury. *Weil v Longyear*, 263 Mich 22; 248 NW 536 (1933).

Lastly, plaintiffs claim that the verdict for Kenneth Treece was inadequate and against the weight of evidence requiring a new trial. Treece alleged damages which exceeded the verdict awarded by the jury. However, the proofs were subject to different interpretations. As previously stated, this Court will not overturn findings of fact by the jury if within the limits of the proofs.

Defendant's cross-appeal was improvidently granted. The judgment in the trial court was entered June 12, 1972. Defendant's application for delayed cross-appeal was filed May 31, 1974 and the delayed cross-appeal was granted September 5, 1974.

GCR 1963, 807.1, states:

"Right to Cross Appeal. * * * he may take a cross appeal in the same manner and under the same rules and practice as in case of an original appeal * * * ."

GCR 1963, 806.2, states in part:

"In no event shall leave to appeal be granted later than 18 months from the entry of the order or judgment appealed from in any civil matter."

Defendant's application for a delayed cross-appeal was not timely filed. The cross-appeal is hereby dismissed.

Judgment of the trial court is affirmed. No costs, neither side prevailing in full.