### HARRY v FAIRLANE CLUB PROPERTIES, LTD

Docket No. 54757. Submitted February 8, 1983, at Detroit.—Decided April 7, 1983. Leave to appeal denied, 417 Mich 1100.31.

James Harry and his wife, Beverly Harry, brought suit against Fairlane Club Properties, Ltd., Webster-Buell, Inc., and Nordstrom-Samson and Associates in Wayne Circuit Court. Plaintiffs moved for a mistrial based in part on the failure of Judge Horace W. Gilmore to send certain exhibits to the jury room during deliberations. The motion was denied and the jury returned a verdict of no cause of action. Judge Gilmore filed a written opinion in which he found that he had erred in not sending the exhibits to the jurors, indicated that plaintiffs were entitled to a new trial, and invited the presentation of an appropriate order. Before being presented with such an order, however, Judge Gilmore resigned as circuit court judge and accepted an appointment to federal district court. Judge Patrick J. Duggan was assigned to succeed Judge Gilmore in this matter. Judge Duggan entered an order granting a new trial to plaintiffs. Defendants request a rehearing, which was granted, after which Judge Duggan found that Judge Gilmore had erred in determining that plaintiffs were entitled to a new trial. Judge Duggan then denied plaintiffs' motion for a new trial. Plaintiffs appeal. *Held:*

Judge Duggan did not abuse his discretion in granting a rehearing and thereafter denying plaintiffs' motion for a new trial. He did not exceed the bounds of judicial restraint in disagreeing with Judge Gilmore's finding that plaintiffs were entitled to a new trial.

Affirmed.

Motions — New Trial — Rehearing.

A circuit judge did not abuse his discretion where he had granted a new trial to the plaintiffs on the basis of an opinion written by another judge who presided over the trial in the matter and then resigned and subsequently granted the defendants' motion

Reference for Points in Headnote
58 Am Jur 2d, New Trial §§ 183, 184, 213.

for rehearing and thereafter denied the plaintiffs' motion for new trial, finding that his predecessor had erred in determining that the plaintiffs were entitled to a new trial.

*Philo, Atkinson, Darling, Steinberg, Edwards & Jennings* (by *Harry M. Philo* and *Richard L. Steinberg),* for plaintiffs.

*Harvey, Kruse, Westen & Milan, P.C.* (by *John A. Kruse* and *Michael F. Schmidt),* for Fairlane Club Properties, Ltd., and Webster-Buell, Inc.

*Foster, Meadows & Ballard* (by *Robert N. Dunn),* for Nordstrom-Samson and Associates.

Before: D. F. WALSH, P.J., and BEASLEY and T. R. THOMAS,* JJ.

PER CURIAM. Plaintiffs, James and Beverly Harry, appeal the denial of their motion for a new trial.

On June 20, 1979, following a lengthy trial, a jury found that plaintiffs had established no cause of action against defendants Fairlane Club Properties, Ltd., Webster-Buell, Inc., and Nordstrom-Samson and Associates. Plaintiffs' immediate motion for mistrial, based in part on the failure to send certain exhibits to the jury room during deliberations, was denied by Judge Horace W. Gilmore, the trial judge. On June 20, 1980, Judge Gilmore filed a written opinion in which he found that he had erred in not sending those exhibits to the jurors. He indicated that plaintiffs were entitled to a new trial, and he invited the presentation of an appropriate order. Four days later, Judge Gilmore resigned as Wayne County circuit judge and accepted an appointment to the federal district

* Circuit judge, sitting on the Court of Appeals by assignment.

court. See 408 Mich v (1980). Judge Gilmore never signed an order granting plaintiffs a new trial.

Judge Patrick J. Duggan was assigned to succeed Judge Gilmore in this matter. On July 18, 1980, Judge Duggan entered an order granting a new trial to plaintiffs. Defendants requested a rehearing. Judge Duggan granted a rehearing, after which he issued a written opinion in which he found that Judge Gilmore had erred in determining that plaintiffs were entitled to a new trial. An order denying plaintiffs' motion for new trial was entered. Plaintiffs appeal. We affirm.

As successor to Judge Gilmore, Judge Duggan had all the power and authority held originally by Judge Gilmore in this matter. GCR 1963, 529.2, 531. See also *Manufacturers' Mutual Fire Ins Co v Circuit Judge,* 79 Mich 241; 44 NW 604 (1890). Pursuant to Wayne County Circuit Court Rule 119.8, Judge Gilmore and Judge Duggan, as his successor, were authorized to grant rehearing of plaintiff's motion for new trial. See also GCR 1963, 527.5. Judge Duggan's decision to grant rehearing will not be disturbed unless the record discloses a clear abuse of discretion. *Saginaw Suburban R Co v Connelly,* 146 Mich 395; 109 NW 677 (1906); *Barnes v Circuit Judge,* 97 Mich 212; 56 NW 599 (1893).

We are not persuaded that Judge Duggan abused his discretion. In granting rehearing and denying plaintiffs' motion for a new trial, he considered aspects of the exhibits issue which had not been addressed in Judge Gilmore's opinion. He noted, for example, that the jurors had not been denied access to the exhibits. They had apparently been satisfied that they could properly reach a verdict without the exhibits. *Cf. Klein v Wagenheim,* 379 Mich 558; 153 NW2d 663 (1967). In addition, Judge Duggan observed that plaintiffs

had waived their right to object by not filing a timely objection to the failure to send the exhibits to the deliberating jurors. See *Winekoff v Pospisil,* 384 Mich 260; 181 NW2d 897 (1970).

In denying plaintiffs' motion for new trial, Judge Duggan implicitly followed Judge Gilmore's rejection of the remaining grounds advanced by plaintiffs in support of their motion. We have reviewed these additional allegations of error and find no abuse of discretion in the denial of plaintiffs' motion for new trial. *Kailimai v Firestone Tire & Rubber Co,* 398 Mich 230; 247 NW2d 295 (1976). The jury instructions were not improper. *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29; 323 NW2d 270 (1982). Plaintiffs did not object to defense counsel's questioning of plaintiffs' expert witness, and any possible prejudice could have been cured by an immediate curative instruction. *Treece v Greyhound Bus Co,* 63 Mich App 63, 66; 234 NW2d 404 (1975). Furthermore, there was no abuse of discretion in Judge Gilmore's failure to send all of the trial exhibits to the jurors. *Socha v Passino,* 405 Mich 458, 471; 275 NW2d 243 (1979).

Notwithstanding his recognition of his authority to consider the motion for rehearing, Judge Duggan acknowledged the normal reluctance of successor judges to undertake a review of the decisions of their predecessors. *Herring v Moore,* 561 SW2d 95 (Ky App, 1977). See also *Parlove v Klein,* 37 Mich App 537, 547; 195 NW2d 3 (1972). We find that Judge Duggan did not exceed the bounds of "judicial restraint" in disagreeing with Judge Gilmore's finding that plaintiffs were entitled to a new trial.[1] *Parlove,* p 547.

Affirmed.

---

[1] It is well established that courts speak only through their judgments and decrees, not through their written opinions. *Tiedman v Tiedman,* 400 Mich 571, 576; 255 NW2d 632 (1977). In a technical sense, therefore, Judge Duggan was not reviewing the decision of

Judge Gilmore, who had never issued a judgment in accordance with his opinion, but was rather reconsidering his own order granting plaintiffs a new trial. Because that order was based solely on the findings enunciated in Judge Gilmore's decision, however, we view Judge Duggan as Judge Gilmore's "successor" at the time of the motion for rehearing.