ANTOSIK v. MICHIGAN ALKALI CO.

1. MASTER AND SERVANT—INFANT—DANGEROUS WORK—STATUTES
   —CHILD LABOR LAW.
   Act No. 113, Pub. Acts 1901, prohibiting the employment of
   any one under 16 years of age at work dangerous to life and
   limb, was not intended to prevent the hiring of a minor un-
   der that age as a common laborer to work at handling lime-
   stone and later at cleaning the inside of a still in a chemical
   works, nor was the work of aiding several laborers in attempt-
   ing to close the heavy iron door of the still, which broke from
   its hinges and fell on plaintiff, within the statutory prohibi-
   tion.

2. SAME.
   As a matter of law, plaintiff's age and inexperience could not
   be said not to have contributed to his injury.

3. SAME—INSPECTION—BOLTS.
   Evidence that the bolt holding a hinge of the door had rusted
   half off, that the upper part had rusted fast to the hinge, that
   a long time had elapsed since inspection, and that the bolt
   broke permitting the door to fall, tends to establish negli-
   gence.

4. SAME.
   Actual knowledge of the defect by the employer was not re-
   quired to be shown, but it was enough to show such facts and
   circumstances that if the employer had exercised reasonable
   care he would have discovered the defect.[1]

5. EVIDENCE—CURING ERROR.
   Where testimony was excluded as not responsive and appellant
   later recalled the witness and examined him concerning the
   excluded matter, no prejudicial error appeared.

6. TRIAL—ARGUMENT.
   Argument of plaintiff's attorney appealing to the sympathy of
   the jury upon matters not at issue is improper.

7. NEW TRIAL—MOTIONS—NEWLY DISCOVERED EVIDENCE.
   The trial court rightly denied a new trial on a showing by let-
   ter from plaintiff's father that he was over 16 years of age

[1] Knowledge as element of employer's liability, see note in 41 L.
R. A. 33.

at the time of the injury, and by an unsworn statement of the registration of plaintiff's birth, no competent evidence of the facts being offered or produced.

Error to Wayne; Murphy, J. Submitted January 12, 1911. (Docket No. 78.) Decided July 5, 1911.

Case by Peter Antosik, by next friend, against the Michigan Alkali Company for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*Gray & Gray*, for appellant.

*Dohany & Dohany*, for appellee.

McALVAY, J. Plaintiff recovered against defendant in an action for damages against it for personal injuries to him caused by the negligence of its agents and servants. The case is brought to this court for review upon a writ of error by defendant, upon the claim that reversible errors were committed upon the trial.

Defendant company is engaged in the manufacture of soda ash and its by-products. In the plant of defendant are a number of stills, used in the manufacture of its products and located in what is called the process room. The stills, after having been in use for five or six weeks, require cleaning to remove the lime scale which forms on the inside. For this purpose a still is opened and men enter with hammers and chisels to clean off the scale, which is swept up and carried away. Each still when in use is closed air tight by a manhole cover and an outside iron door. The day before plaintiff's injury a still was opened for cleaning, and he worked in it cleaning off and removing the scale. When the cleaning was completed, which was on the day of the injury, the assistant foreman and three or four workmen including plaintiff proceeded to close it. A rubber gasket to make the door tight is placed between it and the frame of the door, and to bring the door up so as to fasten requires considerable force.

The door in question was iron.  The bottom was 18 inches above the ground.  It was 7 feet 4 inches in height, 25¼ inches wide, 1¼ inches thick, and weighed between 700 and 800 pounds.  The door was hung upon heavy iron hinges, one part of each hinge being fastened to the door, and the other part to the door jamb, and the parts were connected with a one-inch bolt six inches in length.  These hinges were so made that the half of the lower hinge which was fastened to the door was above the half fastened to the jamb, and the half of the upper hinge fastened to the door was below the half fastened to the jamb.  The men, after the gasket was put in position, started to close the door, but it did not come up tight.  Then the assistant foreman took hold of the outer edge and swung it back and forth two or three times, and feeling that it was giving way he shouted a warning to the men standing near to get out of the way.  All of the men except plaintiff escaped the falling door.  He was caught under a part of it and injured severely.  The bolt had broken at a point between the two parts of the upper hinge and the door had fallen outward.

There was a dispute in the case as to the age of plaintiff, and some testimony tending to show that he was more than 16 years of age was offered by defendant and excluded by the court.  The negligence relied upon was that plaintiff being under 16 years of age was employed by defendant at employment whereby his life and limb were endangered; that defendant did not furnish a safe place in which to work, did not properly inspect these hinges, and failed to warn plaintiff of his danger.

The errors assigned will be considered in the order presented and discussed by appellant.

Upon the question as to whether plaintiff was employed in violation of the child labor law, the court charged that the work at which he was employed in handling limestone and in cleaning out the still was not dangerous to life and limb and added:

166 MICH.—27.

"The plaintiff's claim in this respect rests upon the theory that when he was instructed to close the door in question he was put at dangerous employment within the statute; that is for you to say, gentlemen of the jury."

Appellant contends that the court erred in this portion of the charge because the employment in assisting in shutting this door was not within the scope of the statute, and, further, that the age of the plaintiff in no way contributed to the accident. The plaintiff had worked but two days for defendant company before the injury. On the first day he had handled limestone, and on the second day he had cleaned scale from the still. He had been requested to remain overtime for the purpose of assisting in closing the still door. He had been hired as a common laborer at $1.65 per day. The work he had been called to do previous to the injury could be said as a matter of law not to be within the scope of the statute. We also think that it could be said, as a matter of law, under the facts disclosed by this record, that this employment in assisting to close this door was not dangerous to life and limb, and hold that it was error to submit the question to the jury for determination. Such employment was not within the spirit and intent of the prohibition of Act No. 113, Pub. Acts 1901.

It is further contended that the plaintiff's age in no way contributed to the accident, and, therefore, under the decisions of this court, employment in violation of the act was immaterial. The cases cited and relied upon are all cases where the plaintiff was guilty of contributory negligence, and in but one of them was the violation of the statute involved. *Beghold* v. *Auto Body Co.*, 149 Mich. 14 (112 N. W. 691, 14 L. R. A. [N. S.] 609). In the instant case no claim is made that plaintiff was guilty of contributory negligence, nor could such claim be made from the evidence. It is not for the court say, as a matter of law, from this record, that plaintiff's age and inexperience in no way contributed to his injury.

On the question of negligence by defendant by reason

of neglect to reasonably inspect these hinges, appellant concedes a duty on the part of a master in the following words:

" We concede a duty on the part of a master to make reasonable inspection.  We contend, however, that when plaintiff relies upon the neglect of this duty, he must show such neglect before defendant is obliged to prove that reasonable inspections were made."

Appellant contends that such negligence cannot be inferred from proof of the accident and consequent injury; "that the burden of proof is upon the plaintiff to show a defect and notice to the defendant of such defect, or that by the exercise of ordinary care defendant would have had notice."  The appellant urges that there were no facts or circumstances shown that would charge defendant with the duty to inspect.

The record shows that the bolt in the upper hinge of this door broke while an attempt was being made to close it; that the door weighed 700 to 800 pounds, and that the bolt had rusted in the hinge so that it was necessary to drill the upper half out; that the lower half was tight and was driven out with a hammer; that there had been no inspection for a long time.  There is a dispute between the witnesses as to whether the break in the bolt was a new one or an old one which had rusted half-way across and only one-half was new.  There was therefore evidence in the case to make an issue of fact for the jury upon the question of neglect to make a reasonable inspection, and the court submitted this question under proper instructions.

This court has said:

" It is not necessary in order to recover for injuries arising from defective machinery that the master had actual knowledge of such defects, but it is enough to show such facts and circumstances to exist that if he had exercised reasonable care and diligence he would have ascertained its true condition by examination and inspection." *Johnson* v. *Spear,* 76 Mich. 139 (42 N. W. 1092, 15 Am. St. Rep. 298).

It was not error to refuse to direct a verdict for defendant on the ground that there was no evidence tending to show that defendant had been negligent in the matter of the inspection of the door and hinges.

The only error discussed relative to the exclusion of testimony relates to certain testimony of the assistant foreman. This witness, an employé of defendant, was called by plaintiff under Act No. 307, Pub. Acts 1909. He was examined through an interpreter, and gave an answer which plaintiff's counsel asked to have stricken out as not responsive and a conclusion. An objection was made and an exception taken by defendant upon the granting of the motion. The record shows that this witness was recalled by defendant and testified to the same effect without objection. Appellant therefore has no ground for complaint.

Error is assigned upon claimed prejudicial argument of counsel for plaintiff, in closing the case to the jury. The portion of the argument was objectionable which appealed to the sympathies upon matters not at issue in the case. We suggest that upon the new trial which must be ordered care be taken that such argument be not repeated.

All that remains for consideration is the error assigned upon the denial of the motion for a new trial made on the ground of newly discovered evidence relative to the age of plaintiff who testified that he was under 16 years of age. A letter purporting to be from the plaintiff's father and a birth certificate purporting to be a statement of the registration of plaintiff's birth were produced on this motion. In his written opinion denying the motion the learned trial judge said:

"Neither the letter nor the certificate would be admissible upon the trial. No proffer of any competent testimony is made tending to substantiate the wholly incompetent statements contained in these two exhibits. Were a new trial granted, not only is no assurance given that proof conformable to the claims of these documents would be adduced, but there is no intimation that any admissible evidence whatever upon the topic would be tendered. The defendant wholly fails in this respect to make the

necessary showing prerequisite to granting a new trial upon the ground of newly discovered evidence."

The reasons of the court for denying a new trial upon this ground were sufficient.

For the reason stated in this opinion, the judgment is reversed and a new trial granted.

MOORE, BLAIR, and STONE, JJ., concurred with MCALVAY, J. BROOKE, J., concurred in the result.