# CARL A. BUSCH v. HERMAINE C. LILLY.

101 N. W. (2d) 199.

February 19, 1960—No. 37,836.

*Mahoney & Mahoney,* for appellant.
*Douglass, Sheets & Bell,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the municipal court.

The action was brought by plaintiff to recover damages for personal injuries and damages to his car resulting from a collision between his automobile and that of the defendant.

The collision occurred about 7 p.m. on May 8, 1957, at the intersection of Highway No. 7 and Monk Road in the village of St. Louis Park.

Plaintiff alleged that the defendant so negligently operated her Ford car as to allow it to collide with a Cadillac owned and operated by him. The defendant in her answer admitted that the collision occurred but denied any negligence on her part and alleged that if plaintiff suffered any damages or injuries they were caused or contributed to by his own negligence.

At the close of the testimony and after both parties had rested, plaintiff moved the court for a directed verdict in his favor on the question of liability with the amount of damages to be assessed by the jury, which motion was denied.

The jury returned a verdict for the defendant. Plaintiff moved for a new trial on the grounds that the court erred in failing to give certain instructions requested by him and on the further ground that the court erred in giving certain additional instructions to the jury. The motion in all respects was denied. Judgment was entered for defendant and plaintiff appealed therefrom.

It is our opinion that the judgment in this case must be reversed because of an error in the instructions to the jury.

After the jury had retired to deliberate it returned to the courtroom for additional instructions, at which time neither counsel for plaintiff nor for defendant were present. The court then instructed:

"The law in this state says that if you are guilty of, let's say, five per cent negligence in a case you can not recover. That is the law in this state, putting it on a percentage basis."

This court has repeatedly stated that no reference should be made in a jury charge to a comparative degree or percentage of negligence or contributory negligence.

As early as Craig v. Benedictine Sisters Hospital Assn. 88 Minn. 535, 93 N. W. 669, we held that it was erroneous to instruct that if plaintiff's intestate was negligent in any degree—even the slightest degree—and his negligence contributed in the slightest degree to his death, the plaintiff could not recover.

Again, in Roach v. Roth, 156 Minn. 107, 111, 194 N. W. 322, 324, this court said that in a personal injury action want of ordinary care is the best of contributory negligence and that a charge which refers to negligence "in any degree whatsoever" is objectionable, and more so when it refers to negligence in the slightest degree. See, also, Mockler v. City of Stillwater, 246 Minn. 39, 74 N. W. (2d) 118.

In Frank v. Stiegler, 250 Minn. 447, 454, 84 N. W. (2d) 912, 918, an instruction was given with reference to concurrent negligence which

stated: "All that is necessary here is that the combination, even if it is ninety-nine on one side and one on the other side, if the combination is negligence and that negligence is the proximate cause of this injury, * * * then you would find in favor of the plaintiff and against all of the defendants." This was held to be error in that it permitted the jury to find the defendant liable for the slightest degree of negligence.

Any reference to percentage of negligence or contributory negligence is improper in a charge to a jury. As stated in 13 Dunnell, Dig. (3 ed.) § 7012(3), under the heading "Instructions":

"* * * In the ordinary case, where the negligence of the two parties is contemporaneous and the fault of each relates directly and proximately to the occurrence from which the injury arises, it is best for the court to say to the jury simply that the plaintiff cannot recover if at the time of the accident he was himself guilty of contributory negligence, that is, if he failed to exercise the care usually exercised by men of ordinary prudence under the same or similar circumstances, and if such failure directly contributed to the accident so that the accident was partly, or wholly due to his own fault." (See cases cited.)

Reversed and new trial granted.