MARR *v.* SAGINAW COUNTY AGRICULTURAL SOCIETY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ARGUMENT TO JURY —REQUEST TO CHARGE—INSTRUCTIONS.

The propriety or impropriety of closing argument of plaintiff's attorney, wherein he used a mathematical formula suggesting dollar amounts and intervals of time to the jury in arriving at an amount for past and future pain, suffering, and embarrassing disfigurement, is not before the Supreme Court, where the defendant did not request the court to instruct in regard to plaintiff's closing argument, and did not, at any time during trial, nor in this appeal, complain of the court's instruction wherein it was stated plaintiff's attorney was not suggesting a figure so much as a method to be used to arrive at a reasonable judgment.

2. SAME—QUESTIONS REVIEWABLE—ARGUMENT TO JURY—INSTRUCTIONS.

It is necessary not only to take an exception to argument to a jury, claimed to be improper, but also to request the court, either then and there, or in final instructions, to instruct the jury to disregard improper argument, in order to save the point for review.

3. DAMAGES—PRESUMPTIONS.

It is presumed that if the damages awarded by a jury were excessive, relief would have been granted by the trial court.

4. SAME—EXCESSIVE VERDICT.

A jury's award of damages is not to be set aside unless so gross as to carry its own obvious proofs of prejudice.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 374 *et seq.*
15 Am Jur, Damages § 72.
Per diem or similar mathematical basis for fixing damages for pain and suffering. 60 ALR2d 1347.
[2] 3 Am Jur, Appeal and Error § 375.
[3] 39 Am Jur, New Trial §§ 141–144.
[4] 3 Am Jur, Appeal and Error § 893.
[5] 15 Am Jur, Damages § 206.

5. SAME — EXCESSIVE VERDICT — PAIN AND SUFFERING — DISFIGURE-
MENT.

> Verdict of $13,500 to plaintiff who received injuries while res-
> cuing a lady from defendant's burning building *held*, not ex-
> cessive, where it appears he was unable to return to work for
> 6 weeks, sustained pain and suffering, and was permanently
> disfigured.

Appeal from Saginaw; Borchard (Fred J.), J.
Submitted June 8, 1961. (Docket No. 33, Calendar
No. 48,764.) Decided September 23, 1961.

Case by Kenneth Marr against the Saginaw
County Agricultural Society, a Michigan corpora-
tion, for personal injuries sustained in fire at county
fair. Verdict and judgment for plaintiff. Defend-
ant appeals. Affirmed.

*van Benschoten & van Benschoten,* for plaintiff.

*Cartwright, Walker & Stenglein (Harvey D.
Walker,* of counsel), for defendant.

KELLY, J. A jury awarded plaintiff $13,500 dam-
ages for injuries received while rescuing a lady from
defendant's burning building.

In this appeal defendant concedes liability, but
claims plaintiff's final argument to the jury con-
stituted reversible error and that the verdict of the
jury was excessive.

Appellant claims reversible error because the
court allowed "plaintiff's counsel in final argument
to the jury to use a mathematical formula suggesting
dollar amounts and intervals of time to be used by
the jury in arriving at an amount for past and future
pain and suffering." Plaintiff's attorney in closing
argument stated:

"Two weeks of pain and suffering. Now, I am
trying to break this down into smaller units so that
we can more easily appraise it. But would you say

that kind of pain and suffering for 2 weeks would be worth, say, $1,000 a week? Would that be reasonable? Or $2,000 a week? Maybe that's too high, I don't know. Or maybe you folks think it is not high enough. I am not suggesting a figure to you so much as I am a method by which you can arrive at a reasonable judgment. Well, let's just take $1,000 a week, and that would be $2,000 for those first 2 weeks. (Writing on blackboard.)"

At this point defendant's counsel objected, stating: "I am going to object to this calculation, if the court please. It is for the jury to determine whether it is worth $1 or 2,000, and it is not to be suggested by counsel." And the court stated: "You may proceed."

After this objection plaintiff's counsel continued his closing argument as follows:

"Now, then, if you please, the man wasn't able to go back to work for 6 weeks. Now, you know at the end of 2 weeks he just didn't magically recover and reduce his condition to one where he could tolerate it all day. It was a process by which you come from a point of excruciating pain down to a place where you can get back to work, not because you are well, but because you have got to go to work when you have got that many kids. So, he had at least 4 weeks more of pain. And suppose you averaged that out and you said, well, the first 2 weeks when he could just hold his hands up like that, that was something, but this is maybe not half as bad. Let's be reasonable. All right, then, suppose that you give him half as much, and you say that for the 4 weeks that would be 500 a week, and, again, I am not suggesting the figures to you so much as the method of reason, that's all. But, just for our purposes here, let's say that 4 weeks was just half as much, and that's another $2,000 that they owe him. (Writing on blackboard.)

"And then you come to the method of computation for disfigurement for a period of 31 years, for this embarrassment that he has suffered for 4 years and that you know he is going to suffer for the future. Would you go out in the jury room, folks, and would you say—just like picking it out of a tree—would you say, let's give him X number of dollars for that? Or wouldn't you want to say by the year? What's it worth by the year? Isn't that an easier unit to figure it by? It is going to be about the same every year, and if he has 31 years of it, I don't know, suppose you say that it was worth $500 a year. Just use a figure, $500 a year, which I don't think is unreasonable. That amounts to something less than $10 a week for a man who is in public life, who uses his hands all day long every day, but just figure it that way. Let's see what—let's see how it works out. $500 a year for 31 years. That figures out to 15,500. 15,500. Is that so unreasonable for 31 years? (Writing on blackboard.)

"So, all together, what would it come to? That would come to 20,345. (Writing on blackboard.) This is the debt that the Society owes to Ken Marr. They haven't to this day so much as given him a thank you."

In denying defendant's motion for new trial, the court stated:

"Counsel for plaintiff in argument to the jury on pain and suffering mentioned certain figures. However, he indicated that he was not suggesting a figure so much as he was a method they could use to arrive at a reasonable judgment.

"At the close of the case the jury was instructed that if they found for the plaintiff, plaintiff was entitled to recover for pain and suffering, if any, and it was entirely within their province as to the amount he should be allowed. They were also instructed that arguments of counsel were not to be considered as evidence unless it was as they remembered it as testified to by the witnesses."

We do not disagree with the trial court's statement but call attention to the fact that appellant did not request the court to instruct in regard to plaintiff's closing argument and did not at any time during trial, nor in this appeal, complain of the court's instruction. Therefore, the question of the propriety or impropriety of plaintiff's closing argument is not before this Court.

In *Curth* v. *New York Life Ins. Co.*, 274 Mich 513, we dealt with an appeal involving an action for double indemnity against an insurance company, and it was conceded that remarks of plaintiff's counsel in argument to the jury were improper. In refusing to reverse, our Court stated (pp 524, 525):

"The trial judge was not asked to make a ruling nor to charge the jury not to pay any attention to the remarks. At the end of the charge, attorneys for both sides were invited to make any further suggestions but they remained silent. Consequently, we may not reverse the case on the impropriety of the remarks as the objecting attorney in taking his exception failed to ask for a ruling, or that the jury be instructed to pay no attention to them. Merely taking an exception is insufficient. The general rule is stated in *Heck* v. *Henne,* 238 Mich 198, 205:

" 'To save the point for review, it was necessary not only to take an exception, but to also request the court, either then and there, or in final instructions, to instruct the jury to disregard the improper argument. *Spencer* v. *Johnson,* 185 Mich 85; *People* v. *Maczulski,* 194 Mich 193; *Walz* v. *Peninsular Fire Ins. Co.,* 221 Mich 326; *Genack* v. *Gorman,* 224 Mich 79.' "

In the motion for new trial and in this appeal, defendant claims that the jury verdict was "grossly excessive" and "so excessive as to shock the judicial conscience."

The trial judge who denied the motion had the opportunity to hear the testimony and observe the disfigurement and scars.

In *Aho* v. *Conda,* 347 Mich 450, 455, we held:

"The presumption will be indulged that if the damages were excessive, relief would have been granted by the lower court."

And, in *Wycko* v. *Gnodtke,* 361 Mich 331, 341, we said:

"The jury's award is not to be set aside unless so gross as to carry its own obvious proofs of prejudice."

The amount awarded was within the range of evidence and not so "grossly excessive" as to "shock the judicial conscience." The jury verdict will not be set aside because it was excessive.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.