FERRETTI v. GERGELY.

1. APPEAL AND ERROR—OBJECTIONS—CROSS-EXAMINATION—ARGU-
MENT TO JURY.

Cross-examination of plaintiff guest passenger, 15 years of age at time of accident, and closing argument of defendant's counsel *held*, not prejudicial or improper, on appeal by plaintiff from denial of new trial on ground that verdict of $1,500 was so inadequate as to shock the conscience of the court, and it appears plaintiff did not object to the argument except with respect to another accident as to which objection was sustained and no specific questions on cross-examination are referred to as objectionable (CLS 1956, § 257.401).

2. SAME—SAVING QUESTIONS FOR REVIEW—CROSS-EXAMINATION—
ARGUMENT TO JURY.

Appellant's counsel who failed to raise objections to questions put on cross-examination or to closing argument of opposing counsel either at the time of their making or thereafter and failed to request instruction to jury with reference thereto has failed to save his question for review.

———————

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error §§ 262–264, 357, 358, 572, 585.
[2] 3 Am Jur, Appeal and Error §§ 262–264, 357, 358, 378–383, 572, 585.
[3] 3 Am Jur, Appeal and Error §§ 399–401.
[4] 3 Am Jur, Appeal and Error § 981; 39 Am Jur, New Trial §§ 13, 201.

3. DAMAGES—PAIN AND SUFFERING—ADEQUACY OF VERDICT—EVIDENCE.

Claim that verdict of $1,500 for pain and suffering of plaintiff minor, who was 15 years of age at time she was injured which included a fracture of the pelvis and other lesser injuries, while a guest passenger in defendant's car, was so inadequate as to shock the judicial conscience, because of prejudice injected into the case by defendant's counsel *held*, not substantiated under record showing that her father in his derivative action for hospital and medical expense had recovered all he had expended, and the medical testimony was in dispute, since it is the province of the jury to weigh the testimony and determine the extent of the pain and suffering, past, present, and future (CLS 1956, § 257.401).

4. NEW TRIAL—DISCRETION OF COURT—SYMPATHY, BIAS, OR PREJUDICE.

Trial courts have a large measure of discretion in the matter of granting new trials and the Supreme Court will not interfere unless the abuse of that discretion is palpable, where there is no claim made that appeal had been made to sympathy, bias, or prejudice and the instructions appear to have fairly presented the case to the jury.

Appeal from Macomb; Carroll (Howard R.), J. Submitted April 3, 1962. (Docket No. 1, Calendar No. 48,933.) Decided May 17, 1962.

Case by Faye Ferretti, by next friend, Josephine Ferretti, against Stephen John Gergely, Jr., for personal injuries sustained while a guest passenger in automobile. Verdict and judgment for plaintiff. From denial of new trial plaintiff appeals, claiming verdict grossly inadequate. Affirmed.

*M. F. Wolfgang* and *Francis J. McDonald* (*David Gooze,* of counsel), for plaintiff.

*Cary, BeGole & Martin,* for defendant.

CARR, C. J. The automobile accident from which this case resulted occurred in the evening of August

5, 1957, on Jefferson avenue in Macomb county. The plaintiff, then 15 years of age, and 5 other girls of approximately the same age were in a refreshment drive-in establishment. The defendant, who was known to plaintiff, entered the place with 2 companions and invited the 6 girls to go for a drive. The girls accepted and the party proceeded to a picnic ground near New Baltimore. It is claimed that plaintiff and her companions hesitated to return to East Detroit where they lived, but on defendant's assurances that he would drive at a reasonable rate of speed they re-entered his automobile for the return trip.

Plaintiff further claimed in her declaration that defendant, notwithstanding the protests of the passengers, drove at a very high rate of speed in a "grossly reckless, negligent and careless manner," and that as a result the car left the highway, struck a utility pole and turned over, throwing the occupants out. Plaintiff sought damages for injuries sustained by her as the result, as she claimed, of the gross negligence and the wilful and wanton misconduct of defendant. Plaintiff's father also instituted an action to recover for hospital and medical expense incurred by him in the treatment of his daughter for said injuries. On trial before a jury plaintiff recovered a verdict in the sum of $1,500 and her father was awarded the sum of $1,575, which is said to be slightly more than the actual amount of expenditures established by his proofs. On behalf of plaintiff Faye Ferretti, a motion for a new trial, based in part on a claim that the verdict in her favor was inadequate, was submitted to the trial court. The motion was denied, the trial judge indicating his reasons therefor in an opinion filed in the cause.

The action was brought on the theory that plaintiff Faye Ferretti was a guest passenger in the car of the defendant who was at the time 21 years of age.

The case was tried in accordance with the averments of the pleadings, defendant denying that he was guilty of gross negligence or wilful and wanton misconduct within the meaning of section 401 of PA 1949, No 300 (CLS 1956, § 257.401 [Stat Ann 1960 Rev § 9.2101]). The proofs on the trial disclosed that plaintiff was quite seriously injured, sustaining a fracture of the pelvis and other lesser injuries, all resulting in pain and suffering on her part. Permanent injuries were not claimed, but the trial judge, pursuant to testimony offered in plaintiff's behalf, left to the jury the question of awarding damages for future pain and suffering, computed at present value, if it was determined to a reasonable certainty that such would occur. No objection was made to the charge of the trial judge in any particular. Examination of such charge indicates that he covered all phases of the case fully and clearly.

On appeal plaintiff asserts that the verdict was so inadequate as to shock the conscience of the court, and counsel in her behalf argue that the attorney representing defendant was guilty of making improper statements in his final argument to the jury, and that his cross-examination of appellant, and possibly other witnesses, was improper and of such nature as to create prejudice. The argument of counsel for defendant is set out in full in his appendix. A reading thereof indicates that he placed some stress on the proposition that defendant was not intentionally guilty of gross negligence, or of wilful and wanton misconduct, relying on the claim that the young people participating in the pleasure ride were friends, and that there was no animosity of any kind or character, so far as this record discloses, existing among them. Apparently counsel for plaintiff did not at the time consider the argument improper, no objection being made thereto except to an attempted reference by defendant's attorney to another acci-

dent reported in a current newspaper. Such objection was sustained.

The cross-examination of plaintiff and her witnesses had reference in part to the friendly relations between the parties, apparently being designed to emphasize the claim that defendant was not in an angry or irritated frame of mind, and that all members of the party were taking the ride for their enjoyment and pleasure. Our attention is not directed to specific objections made to the cross-examination, and counsel for appellant do not point out in their brief specific questions calculated to create a feeling of prejudice towards the plaintiff on the part of the jury. A like comment may be made with reference to the general objection that the closing argument of defendant's counsel contained prejudicial statements.

In the comparatively recent case of *Marr* v. *Saginaw County Agricultural Society,* 364 Mich 373, defendant appellant claimed that counsel for the plaintiff had argued improperly before the jury. The trial judge charged the jury that the amount of damages for pain and suffering was a matter for their determination. No request was made for a specific charge as to the alleged objectionable argument of plaintiff's attorney. Commenting thereon this Court said (p 377):

"We do not disagree with the trial court's statement but call attention to the fact that appellant did not request the court to instruct in regard to plaintiff's closing argument and did not at any time during trial, nor in this appeal, complain of the court's instruction. Therefore, the question of the propriety or impropriety of plaintiff's closing argument is not before this Court."

In support of the statement made *Curth* v. *New York Life Ins. Co.,* 274 Mich 513, was cited and quoted in

part. In said quotation there was set forth citations to previous decisions on the question of practice. On behalf of appellee it is insisted in the instant case that counsel for appellant are not now in position to raise objections to the argument in the trial court or the cross-examination of the witnesses for plaintiff. The rule above stated is clearly applicable under the factual situation here involved.

As before noted, counsel for plaintiff did not on the trial make seasonable objections to either the cross-examination or the argument of which they now seek to complain, nor was the trial court requested, either at the time of the alleged improper questions or statements or thereafter, to instruct the jury with reference to any such occurrence. Moreover, in view of the nature of the case and the questions at issue, we are not impressed that either the argument or the cross-examination of which counsel for appellant now seek to complain was improper or prejudicial.

The record before us does not support the claim that the jury returned an inadequate verdict in favor of appellant because of prejudice injected into the case by counsel for defendant. The fact that the father in the action instituted by him was given a verdict slightly more than justified by his proofs tends to negative any argument of prejudice on the part of the jury. Plaintiff sought damages for pain and suffering. The medical testimony in the case was in conflict as to whether certain suffering concerning which she testified resulted from the injuries sustained in the accident or from a prior existing condition not uncommon among young girls of the age of appellant.

There was also a difference of medical opinion with reference to the extent of future pain and suffering. It is possible that the jury did not accept the opinions of the medical experts produced as witnesses

in behalf of plaintiff with reference to what might occur in the future, particularly in view of contrary opinion advanced by defendant's expert witness. It was the province of the jury to weigh the testimony and determine the extent of the pain and suffering, past, present, and prospective, for which plaintiff had established her right to compensation.

In *Brown* v. *Arnold,* 303 Mich 616, 629, this Court declared that:

"We cannot substitute our opinion for that of the jury as to the proper amount of damages to allow plaintiff for pain and suffering."

In discussing the claim of inadequacy of verdict, the Court also said (p 627):

"The court did not err in refusing to grant plaintiff's motion for a new trial on the ground of inadequate damages. Trial courts have a large measure of discretion in the matter of granting new trials and this Court will not interfere unless the abuse of that discretion is palpable. *Graeger* v. *Hager,* 275 Mich 363, and many cases there cited. There is no claim that improper methods were used by counsel for either party in presenting this case to the jury. There is no claim of appeal to sympathy, bias or prejudice. The case was fairly presented. No question is raised as to the fairness of the charge, except on the one question we have discussed."

In support of the statement prior decisions were cited, including *Sebring* v. *Mawby,* 251 Mich 628, and *Cleven* v. *Griffin,* 298 Mich 139. As above noted, the record in the instant case does not support the claim that the verdict was secured by improper means, prejudice or sympathy. See, also, *Teller* v. *George,* 361 Mich 118.

We cannot say on the record here before us that the verdict was obtained by improper means and was grossly inadequate. The determination of damages

for pain and suffering rested primarily in the sound judgment and common sense of the jury which was entitled to determine the facts and the extent of pain and suffering resulting from the injuries to the time of trial and, likewise, to find the degree of future pain and suffering established by evidence to a reasonable certainty. The issues in the case were properly submitted to the jury in a charge of which no complaint is made. The trial judge, in common with the jury, heard the testimony of the witnesses and concluded, as appears from his opinion denying plaintiff's motion for a new trial, that the verdict rendered in plaintiff's favor should not be set aside. It may not be said on this record that he abused his discretion.

The judgment of the trial court is affirmed, with costs to defendant.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.