CLARK v. GRAND TRUNK WESTERN RAILROAD COMPANY.

1. EVIDENCE—JUDICIAL NOTICE—LOSS OF PASSENGER SERVICE ON RAILROADS.

Courts may judicially notice the rights of railroads to terminate passenger service on poorly patronized lines between relatively small population centers and the feelings of dwellers in a community on the subject of the loss of such train service.

2. TRIAL—APPEALS TO PASSION OR PREJUDICE.

Parties to an action in court are entitled to a fair trial on the merits of the case, uninfluenced by appeals to passion, prejudice, sympathies on matters not at issue, self-interest of jurors, and jurors' personal situations.

3. SAME—IMPROPER ARGUMENT—APPEAL TO JURORS' SELF-INTEREST.

Improper argument, in action by passenger against railroad company for injuries received from assault in railroad station, by defense counsel in appeal to jurors by posing rhetorical question as to "What effect would a decision for the plaintiff in this case have upon business and upon you as individuals, as owners of businesses, as farmers, as owners of property?" *held*, reversible error, especially where it had been preceded by newspaper articles to the effect that a $1.20 ticket costing the railroad company a $90,000 lawsuit was a good reason for the railroads wanting to get out of the passenger business.

4. APPEAL AND ERROR—SAVING QUESTION FOR REVIEW—IMPROPER ARGUMENT.

Plaintiff's counsel saved point as to improper argument for review, where he objected to the argument and the trial court made a ruling holding the argument improper although counsel

---

REFERENCES FOR POINTS IN HEADNOTES
[2] 53 Am Jur, Trial § 495.
[3] 53 Am Jur, Trial § 499.
[4] 3 Am Jur, Appeal and Error §§ 374–376.

did not include a request to charge on the matter, it appearing that a charge would have been useless to erase the matter, designedly made, from the minds of the jurors.

Appeal from Lapeer; Quinn (Timothy C.), J. Submitted April 10, 1962. (Docket No. 49, Calendar No. 49,067.) Decided September 7, 1962.

Assumpsit and case by Marilyn Ann Clark against Grand Trunk Western Railroad Company, a Michigan corporation, for personal injuries sustained in defendant's passenger station. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Leitson, Dean, Dean & Abram (Max Dean,* of counsel), for plaintiff.

*Earl C. Opperthauser,* for defendant.

Dethmers, J. Plaintiff, a young woman, was assaulted, stabbed, and robbed by 2 assailants, while she sat alone in defendant's depot, sometime past midnight, after having alighted from defendant's train on which she had been a passenger for hire. She sued for damages resulting from her injuries. She appeals from judgment for defendant based on jury verdict of no cause for action.

The case was tried in a relatively small county-seat town. On the day trial commenced an article about the case appeared in the local newspaper, containing the following:

"$1.20 TRAIN TICKET &
"$90,000 DAMAGE SUIT

"* * * It is the first case of its kind, a railroad attorney said, 'And,' he added, 'when a $1.20 ticket costs us a $90,000 lawsuit it's another good reason why the railroads want to get out of the passenger business.' "

Defendant says that this news story was probably based upon statements made by defendant's counsel during pretrial proceedings some 3 months before trial. Shortly after the pretrial a like story had appeared in the same newspaper. The article, printed on the day trial commenced, came to the attention of the trial judge who thereupon cautioned the jury not to read the story until after they had decided the case and, if possible, to avoid reading that paper until later.

Thereafter, when Mr. Opperthauser, defendant's attorney, was making his closing argument to the jury, he made the statements as quoted below and the following occurred:

"In law this type claim as presented by Mr. Dean would be known I believe, as a precedent setting case and I want to point out to each and every one of you that you are here to decide this case and your decision can make law.

"*Mr. Dean* (attorney for plaintiff): I think this is highly improper.

"*The Court:* There is nothing before us to indicate that, Mr. Opperthauser.

"*Mr. Opperthauser:* All right, Your Honor, regardless of precedent setting or not, it's the first case of this type to be tried and could be of far reaching importance.

"*Mr. Dean:* That isn't true. There have been many cases similar to this and this is improper argument.

"*Mr. Opperthauser:* You haven't shown any to the court and I haven't yet run across any. Regardless of whether or not we are right or wrong, the point I want to make is this. What effect would a decision for the plaintiff in this case have upon business and upon you as individuals, as owners of businesses, as farmers, as owners of property?

"*Mr. Dean:* Your Honor, I feel that he is attempting to appeal to something which has nothing to do

with this case. I don't think the jury will be moved by it but still I think it's highly improper.

"*The Court:* I think I would class it as improper argument."

We may, if for no other reason than our familiarity with the subject stemming from the several cases recently before us involving the rights of railroads to terminate passenger service on poorly patronized lines between relatively small population centers (see *Chicago & North Western R. Co.* v. *Public Service Commission,* 329 Mich 432; *Chicago, Milwaukee, St. P. & P. R. Co.* v. *Public Service Commission,* 332 Mich 291; *Chicago, Milwaukee, St. P. & P. R. Co.* v. *Public Service Commission,* 338 Mich 9), take judicial notice of the existence of the problem presented and the strong feelings of dwellers in a community on the subject of loss of such train service. The effect of the 2 news stories, if read by the persons who were jurors in this case, and, even if not read, of the quoted statements of defendant's attorney, on the minds and emotions of those jurors, and the possible appeal thereof to prejudice and self-interest on the part of any of them, can well be imagined. It is obvious from counsel's conduct, after the court had admonished the jury not to read the news story, that such an appeal is exactly what was intended and that it was made with design.

In *Layton* v. *Cregan & Mallory Co., Inc.,* 269 Mich 574, 583, a negligence action, this Court, in holding that plaintiff's attorney had made statements in his argument to the jury which appealed to passion and prejudice, resulting in reversible error, said:

"The general principle underlying all these cases is that the parties are entitled to a fair trial on the merits of the case, uninfluenced by appeals to passion or prejudice."

In *Antosik* v. *Michigan Alkali Co.*, 166 Mich 415, in reversing judgment for plaintiff, this Court held that it was improper for counsel in his argument to the jury to appeal to their sympathies on matters not at issue in the case.

In *Narciso* v. *Mauch Chunk Township,* 369 Pa 549 (87 A2d 233, 33 ALR2d 438), argument by defense counsel to the jury that the suit was not in reality against the township but against its taxpayers was held to be a prejudicial appeal to the jurors' self-interest, passion, and prejudice, requiring reversal of judgment on verdict for defendant. See report of that case and annotation, 33 ALR2d 438, 442.

Appeals to jurors' personal situations and attempts, in argument, to apply a hypothetical set of facts, like those involved in the case, to the jurors personally constitute reversible error. *McDonald* v. *Champion Iron & Steel Co.,* 140 Mich 401; *Hughes* v. *City of Detroit,* 161 Mich 283 (137 Am St Rep 504); *Morrison* v. *Carpenter,* 179 Mich 207 (Ann Cas 1915D, 319); *Mortensen* v. *Bradshaw,* 188 Mich 436.

Also cited by plaintiff as cases in which reversal in this Court has resulted from improper argument of counsel to the jury are the following: *Rauhala* v. *Maki,* 172 Mich 112; *Remey* v. *Detroit United Railway,* 141 Mich 116; *Geist* v. *Detroit City Railway,* 91 Mich 446; *Seabury* v. *Detroit United Railway,* 194 Mich 423; *Selby* v. *Detroit Railway,* 122 Mich 311; *Ward* v. *Reed,* 134 Mich 392.

Defendant says plaintiff has not saved the above point for review because he did not ask the court to instruct the jury to disregard the improper argument. Cited for this is *Marr* v. *Saginaw County Agriculture Society,* 364 Mich 373, and cases cited therein. In *Marr* reliance was placed on *Curth* v. *New York Life Ins. Co.,* 274 Mich 513, in which this Court said that, in order to save the point, it was

not enough for counsel merely to take an exception but fail to ask the trial judge to make a ruling. Here plaintiff objected and the trial court did make a ruling, holding the argument to be improper. It is true that the plaintiff did not, in his requests to charge, include one on this point. We think that not fatal to his right to have the matter reviewed here.

In *McDonald* v. *Champion Iron & Steel Co.,* 140 Mich 401, improper argument and an appeal to the jurors to consider what they would take for the death of a son under circumstances similar to those presented in the case was held so prejudicial as to constitute error, considered on review even though not objected to on trial. We think applicable here, from *Steudle* v. *Yellow & Checker Cab & Transfer Co.,* 287 Mich 1, 11–13, the following:

"Exceptions were noted to this argument by appellant, but the court was not requested to warn the jury or charge them that the same was improper and should be disregarded.

"In the case of *Curth* v. *New York Life Ins. Co.,* 274 Mich 513, and cases there cited, we held that in order to base error upon a claim of improper argument there should not only be an objection but the court should be requested to charge or caution the jury. Most of the cases concerned with the question seem to involve a single transgression which presumably occurred inadvertently.

"We believe the record in the instant case shows a deliberate course of conduct on the part of counsel for plaintiff aimed at preventing defendant from having a fair and impartial trial. We think the course of misconduct was so persistently followed that a charge of the court in an effort to obviate the prejudice would have been useless. * * *

"It is our conclusion that the argument as made so inflamed the minds of the jury against the defendant that a charge to disregard it would have

been useless; and that, therefore, it was unnecessary for the defendant to request such a charge."

The statement to the jurors in the Pennsylvania case of *Narciso* v. *Mauch Chunk Township, supra,* above, appealing to their self-interest as taxpayers, certainly is matched in prejudicial effect, here, by the appeal to the jurors' self-interest as to what would be the consequences to them "as individuals, as owners of businesses, as farmers, as owners of property" if, as implied, a verdict for plaintiff should result in discontinuance of railroad passenger service in their area. An instruction to ignore the statement could not have erased it from the jurors' minds. To make plaintiff's rights dependent upon the results of speculation as to whether it affected their judgment and decision is not compatible with the concept of a fair trial, to which every party is entitled. Plaintiff is entitled to a new trial, free from such influences.

Inasmuch as the case must be tried again, it may be helpful to note that we perceive no merit in plaintiff's other claims of error.

Reversed and remanded for new trial, with costs to plaintiff.

Carr, C. J., and Kelly, Otis M. Smith, and Adams, JJ., concurred with Dethmers, J.

Black, J. (*concurring*). I agree with Justice Dethmers' reasons for holding that the circuit court's judgment should be reversed, yet cannot concur with his cavalier dismissal of appellant's "other claims of error." He says, without further enlightenment: "Inasmuch as the case must be tried again, it may be helpful to note that we perceive no merit in plaintiff's other claims of error."

So far, in the foregoing posture of the case, the profession is not advised respecting the nature of

appellant's "other claims," and other members of this Court are so far not informed as to Justice DETHMERS' reasons for rejection thereof. The void should be filled lest the counsel in this case be the only ones who know that we have or have not declared that "slight" contributory negligence bars recovery.

Appellant alleges error in the following instruction:

"If you find that the railroad was not guilty of negligence in this case which was a proximate cause of plaintiff's injuries, you need not deliberate any further, you would then find for the defendant and your verdict would be no cause for action. If you do find the defendant guilty of such negligence, then you must determine whether or not the plaintiff was in any way guilty of any negligence which contributed to or was a proximate cause of her injuries. If she was guilty of such negligence, however slight, she is not entitled to recover and in that instance your verdict would also be no cause for action."

Appellant asserts, quite correctly, that "slight" negligence does not authorize recovery when—in a case of tort not arising from contractual relations—such negligence is charged against a defendant; also that it does not bar recovery when charged as contributory in such a case. The concluding sentence of the quoted instruction was accordingly erroneous and should not be repeated on retrial in case contributory negligence again becomes an issue for jury consideration. "Slight negligence is never actionable" (*People* v. *Campbell,* 237 Mich 424, 429), and negligence which is not actionable at suit of one injured thereby cannot be contributory. For recent consideration of the subject and specification of reasons for outlawing such argumentative instructions, see *Busch* v. *Lilly,* 257 Minn 343 (101 NW2d 199). And see recent rejection of the alleged distinction

between "mere" negligence and actionable negligence. *Schattilly* v. *Yonker,* 347 Mich 660, 669.

The right standard to be applied here is simply that of ordinary care in the circumstances of action or omission of action, and that standard is the one by which the law measures the conduct of both plaintiff and defendant in a case like this when the one charges actionable negligence and the other charges contributory negligence.

What was said by Justice Campbell, for the unanimous Court in *Michigan Central R. Co.* v. *Coleman,* 28 Mich 440, 449 (4 Am Neg Cas 1), establishes the point:

"While recognizing to some extent the bearing of these principles some of the rulings below departed from them. The jury were told that carriers of passengers are 'legally bound to exert the utmost care and skill in conveying their passengers, and are responsible for the slightest negligence or want of skillfulness either in themselves or their servants.' 'That the law is, that common carriers of passengers are bound to the utmost care and skill in the performance of their duty. That the degree of responsibility to which carriers of passengers are subjected is not ordinary care, which will make them liable for ordinary neglect, but extraordinary care which renders them liable for slight neglect. It is the danger to the public which may proceed even from slight faults, unskillfulness or negligence of passenger carriers or their servants, and the helplessness in which passengers by their conveyances are, which make this duty of extraordinary care a legal one.' "The language used would fairly permit the jury to find anything to be negligence which could by any possibility be avoided. But negligence is neither more nor less than a failure of duty."

The presented question may be tested easily by assuming that plaintiff rather than defendant had recovered below, and by assuming further that the

trial judge had instructed the jury that "slight" negligence on the part of the defendant railroad would, if causal, require a verdict of liability in the absence of contributory negligence. Would not the railroad then be in rightful position to complain of reversible error? The *Michigan Central Case* above answers directly.

The fact is that the trial judge, by explicit instruction, held the defendant railroad to the ordinary (and proper) measure of duty, but, upon turning to the plaintiff's duty, held her on penalty of barred recovery to a standard of great or extraordinary care (for definitions, see 45 CJ, Negligence, § 34, p 666; 65 CJS Negligence, § 8-B, p 370).* This was unfair as well as reversibly erroneous.

Appellant's next point is that the question of contributory negligence was not properly in the case at all; that the defendant railroad failed to carry its burden in such regard, and that the question should not have been submitted for jury consideration. There may be merit in the point, since it is not clear that plaintiff owed any duty—self-protective or otherwise—to act other than she did on the occasion. I would not determine the point now, however, since the parties agreed, after the jury had retired for deliberation:

"Whereupon the counsel for each party stipulated that the charge was agreed upon with plaintiff's ex-

---

* Prosser defines (Prosser on Torts [2d ed], pp 149, 150):

*"Slight Negligence.* This has been defined as 'an absence of that degree of care and vigilance which persons of extraordinary prudence and foresight are accustomed to use,' or in other words, a failure to exercise great care. It is said, therefore, not to be the same thing as a slight want of ordinary care, which is merely ordinary negligence. It finds its chief application in cases, such as those of bailments for hire or of carriers injuring passengers, where there is an obligation to use great care, and it results in liability where lack of ordinary care would not. But the term also has been used in a very general comparative sense, as contrasted with gross negligence, where the comparative negligence rule is applied."

ception as to the contributory negligence charge containing the phrase in 'the slightest degree'."

Appellant's final point is that the jury's verdict was and is contrary to the overwhelming weight of the evidence. Here I agree with Justice DETHMERS that such allegation is without merit. On this record a properly instructed jury, well within its prerogative, could have returned a verdict for the defendant railroad as well as for the plaintiff.

KAVANAGH, SOURIS, and ADAMS, JJ., concurred with BLACK, J.